1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
JASON CAMPBELL and
10 SARAH SOBEK, individually,
and on behalf of all other
11 similarly situated current
and former employees of
12 PricewaterhouseCoopers, LLP,,
                                    NO. CIV. S-06-2376 LKK/GGH
13
          Plaintiffs,
14
      v.
15
PRICEWATERHOUSE COOPERS, LLP,              **O R D E R**
16 a Limited Liability Partnership;,
and DOES 1-100, inclusive,
17
          Defendant.
18 _____/

19        Plaintiffs Jason Campbell and Sarah Sobek bring this action

20 against defendant, PricewaterhouseCoopers LLP, on behalf of

21 themselves and a class of similarly situated non-licensed

22 accountants employed by the defendant.  Pending before the court

23 are defendant's motion to dismiss and its motion to strike certain

24 portions of the second amended complaint.  First, defendant moves

25 to dismiss on the grounds that collateral estoppel bars class

26 certification.  Second, defendant moves to dismiss plaintiffs'

                              1

1  claims under California Labor Code Section 226.7 on the grounds

2  that no private right of action exists for these claims.  Third,

3  defendant moves to strike any reference to punitive damages because

4  plaintiff is not entitled to them as a matter of law.  For the

5  reasons set forth below, the court denies the motions.

6                          **I. Background**

7       The present action stems from the allegation that the

8  defendant misclassified plaintiffs as exempt employees.

9  Specifically, plaintiffs maintain that defendant erroneously

10  classified non-licensed associate accountants as exempt

11  employees and thereby denied them the various statutory rights

12  afforded to non-exempt employees, including, for example, the

13  right to overtime pay.

14       The court takes judicial notice of the Los Angeles Superior

15  Court's December 8, 2003 Order in <u>Ruiz v. PricewaterhouseCoopers</u>

16  <u>LLP</u>, Case No. BC 287920, in which that court sustained

17  defendant's demurrer without leave to amend.  Def.'s Request for

18  Judicial Notice, Ex. 5.  In that case, Anthony Ruiz brought a

19  representative action under California's Unfair Competition Law,

20  Cal. Bus. Prof. Code § 17200 ("UCL"), alleging that non-licensed

21  accountants were wrongly classified as exempt and should have

22  been eligible for overtime pay.[1]  <u>Id.</u> at 2.  The court dismissed

23  Ruiz's claims with prejudice, finding that Ruiz was not a

24  _____

25       [1]  Notably, <u>Ruiz</u> was brought prior to the passage of
    Proposition 64, which requires that all representative actions
26  proceed as class action under California law.

2

1  competent representative and that the suit was inappropriate for

2  a representative action.   Id.

## II. Standard

**A. Motion to Dismiss for Failure to State a Claim**

On a motion to dismiss, the allegations of the complaint must be accepted as true.  See Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants

3

1  have violated the . . . laws in ways that have not been

2  alleged."  <u>Associated General Contractors of California, Inc. v.</u>

3  <u>California State Council of Carpenters</u>, 459 U.S. 519, 526

4  (1983).

5  **B. Motion to Strike**

6      Rule 12(f) authorizes the court to order stricken from any

7  pleading "any redundant, immaterial, impertinent, or scandalous

8  matter."  A party may bring on a motion to strike within 20 days

9  after the filing of the pleading under attack.  The court,

10 however, may make appropriate orders to strike under the rule at

11 any time on its own initiative.  Thus, the court may consider

12 and grant an untimely motion to strike where it seems proper to

13 do so.  <u>See</u> 5A Wright and Miller, <u>Federal Practice and</u>

14 <u>Procedure</u>: Civil 2d § 1380.

15     Motions to strike are generally viewed with disfavor, and

16 will usually be denied unless the allegations in the pleading

17 have no possible relation to the controversy, and may cause

18 prejudice to one of the parties. <u>See</u> 5A C. Wright & A. Miller,

19 <u>Federal Practice and Procedure</u>: Civil 2d § 1380;  <u>See also</u> <u>Hanna</u>

20 <u>v. Lane</u>, 610 F. Supp. 32, 34 (N.D. Ill. 1985).  If the court is

21 in doubt as to whether the challenged matter may raise an issue

22 of fact or law, the motion to strike should be denied, leaving

23 an assessment of the sufficiency of the allegations for

24 adjudication on the merits. <u>See</u> 5A Wright & Miller, <u>supra</u>, at §

25 1380.

26 *////*

4

1                          **III. Analysis**

2          Defendant's motion to dismiss is premised on two claims:

3   (1) that the doctrine of collateral estoppel bars plaintiffs

4   from certifying as a class under Rule 23 of the Federal Rules of

5   Civil Procedure, and (2) that California Labor Code Section

6   226.7 does not provide for a private right of action.

7   Defendant's motion to strike is premised on the grounds that

8   plaintiffs are barred from seeking punitive damages.  For the

9   reasons set forth below, the motion to dismiss and motion to

10  strike are denied.

11  **A. Collateral Estoppel**

12         Defendant argues that collateral estoppel bars the present

13  action because the issue of class certification was previously

14  decided in <u>Ruiz</u>.  The doctrine of collateral estoppel applies if

15  (1) the present issue is identical to the issue decided in a

16  prior proceeding; (2) the issue was actually litigated; (3) the

17  issue was necessarily decided; (4) the decision was final and on

18  the merits; and (5) preclusion is sought against a party in the

19  prior proceeding or a person in privity with a party to the

20  prior proceeding.  <u>Alvarez v. May Dept. Stores</u>, 143 Cal. App.

21  4th 1223, 1223 (2006).  As explained below, the court finds that

22  the first requirement (identity of issues) and the last

23  requirement (privity) are lacking.

24         **1. Identity of Issues**

25         The language of the first prong of the collateral estoppel

26  analysis could not be clearer: the issues must be identical --

                                      5

1   not merely similar, or even substantially similar.  See Pacific

2   Lumber Co. v. State Water Resources Control Bd., 37 Cal. 4th

3   921, 943 (2006) ("[T]he issue sought to be precluded from

4   relitigation must be identical to that decided in a former

5   proceeding.").  Requiring identity of issues, as opposed to mere

6   similarity, serves the important purpose of ensuring that the

7   rights of those estopped are not unnecessarily circumscribed.

8        Here, the issues between Ruiz and the present action may be

9   similar, but they are not identical.  Defendant notes that Ruiz,

10  like the plaintiffs here, brought a claim under the UCL, on the

11  same underlying dispute regarding misclassification, and sought

12  the same recovery, but none of this overcomes the fact that Ruiz

13  commenced suit as a private attorney general, whereas the

14  plaintiffs here have brought a class action.[2]  With the former,

15  a plaintiff purports to act as a representative of the general

16  public, whereas with the latter, a plaintiff seeks relief on

17  behalf of a defined (and certified) group of individuals.

18  Accordingly, in Ruiz, the parties never litigated, and the court

19  never decided, the issue of class certification.

20       It is true that there are similarities between the

21  requirements for proceeding as a private attorney general under

22  the UCL and those for class certification.  For example, courts

23

24       [2] Defendant's attempt to characterize the Ruiz action as one
    brought on behalf of a narrow class of individuals relies upon out
25  of context quotations from the complaint.  Furthermore, as the
    caption makes clear, Ruiz brought the action "on behalf of the
26  general public."  Ruiz Compl. at 1.

1   examining whether a case should be permitted to proceed as a

2   private attorney general under the UCL (i.e., on a non-class,

3   representative basis) have analyzed the competence of the

4   plaintiff, <u>Kraus v. Trinity Mgmt. Servs., Inc.</u>, 23 Cal. 4th 116,

5   138 (2000), and the factual similarities between those the

6   plaintiff seeks to represent, <u>Lazar v. Trans Union LLC</u>, 195

7   F.R.D. 665, 672-73 (C.D. Cal. 2000).  Similarly, to certify a

8   class under Rule 23, the plaintiff must prove common questions

9   of law or fact to the class and that the representation will

10  adequately represent the interests of the class.

11      Relying on these similarities, defendant argues that the

12  reason why Ruiz was not permitted to proceed in a representative

13  capacity is equally applicable to why plaintiffs should not be

14  permitted to proceed in their class action.  When <u>Ruiz</u> was

15  decided, a representative action required the plaintiff to show

16  that his "individual claim should be afforded private attorney

17  general status."  <u>Id.</u> (citing <u>South Bay Chevrolet v. General</u>

18  <u>Motors Acceptance Corp.</u>, 72 Cal. App. 4th 861, 891 (1999)).  In

19  making its determination regarding the appropriateness of

20  representative status, the <u>Ruiz</u> court considered whether the

21  case would accommodate the "'streamlined' procedure envisioned

22  by the [California] Legislature."  <u>Id.</u> at 6.  It held that,

23  rather than accommodating a streamlined procedure, the case

24  would require "numerous mini-trials," and as such, was

25  inappropriate for a representative action.  <u>Id.</u>

26      This is not the identical issue that is posed by whether

7

1   plaintiffs' class should be certified in the present action.

2   Presumably, defendant equates the "streamlined procedure"

3   consideration under the UCL with the "common question of law or

4   fact" requirement under Rule 23.  But it is not at all clear

5   that the two are coterminous with one another.  Even if the

6   reasoning that would lead the <u>Ruiz</u> court to find that a

7   representative action would not facilitate a "streamlined

8   procedure" would also lead it to conclude that there are no

9   common questions of law or fact, this would be mere speculation.

10  Certainly, a hypothesized holding -- even one that should

11  logically follow from an earlier ruling -- does not satisfy the

12  stringent requirement that the issue in earlier suit be

13  "identical" to that in the present suit.

14      Defendant responds that plaintiffs have placed form over

15  substance.  In support, it relies heavily on <u>Alvarez</u>, in which

16  the court stated that the "[a]lthough the causes of action are

17  not identical, the principle of collateral estoppel does not

18  depend on the legal theory used but the primary rights

19  asserted." 143 Cal. App. 4th at 1237.  This quote is taken out

20  of context, as the next sentence reads: "The primary right

21  asserted in each case was the right to litigate claims in a

22  class action lawsuit."  <u>Id.</u>  Because the plaintiffs in <u>Ruiz</u> did

23  not assert "the right to litigate claims in a class action

24  lawsuit," the plaintiffs in this case are not estopped from

25  doing so.

26  ////

1       **2. Privity**

2           Under the fifth prong of the collateral estoppel analysis,

3   the plaintiff must be in privity with the party in the prior

4   proceeding.  <u>Alvarez</u>, 143 Cal. App. 4th at 1223.  Defendant

5   argues that Ruiz was a "virtual representative" of all non-

6   licensed accountants, which is the same group of individuals as

7   those whom plaintiffs seek to certify as a class.  <u>See</u> <u>Citizens</u>

8   <u>for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n</u>, 60

9   Cal. App. 4th 1053, 1070 (1998) ("A party is adequately

10  represented for purposes of the privity rule if his or her

11  interests are so similar to a party's interest that the latter

12  was the former's virtual representative in the earlier action.")

13  (internal quotation marks omitted).

14          The argument is unavailing for the same reasons addressed

15  above: Ruiz was purporting to act on behalf of the general

16  public, not the narrow class of non-licensed accountants.

17  Furthermore, it could hardly be said that Ruiz had the same

18  interests as those of the plaintiffs here, when Ruiz was found

19  to have had a conflict of interest.  <u>See</u> <u>Ruiz</u>, 3-4 (noting that

20  employees could seek more extensive remedies than a plaintiff

21  proceeding in a UCL action).  As defendant successfully argued

22  in the earlier proceeding, Ruiz was a professional plaintiff,

23  was not an employee of defendant, had no relationship with

24  defendant, and had suffered no injury.

25          Defendant relies <u>In re Bridgestone/Firestone, Inc., Tires</u>

26  <u>Product Liability Litigation</u> for the proposition that putative

9

1   class members to a second class action motion are the same

2   parties to the first denial of class certification.  333 F.3d

3   763, 768 (7th Cir. 2003) ("[A]s they receive the fruits of

4   victory, so an adverse decision is conclusive against them.").

5   Here, however, there was no initial denial of class

6   certification in Ruiz; there was only a denial of private

7   attorney general status.  As In re Bridgestone/Firestone made

8   clear, "outside the domain of class actions, precedent rather

9   than preclusion is the way one case influences another."  Id. at

10  769.  Accordingly, the court finds that collateral estoppel is

11  also inapplicable for the independent reason that the element of

12  privity is lacking.

13  **B. California Labor Code Section 226.7**

14      Defendant next argues that Labor Code Section 226.7 does

15  not provide for a private right of action and that the

16  legislative history confirms that no private right of action was

17  intended.  The court disagrees.  When interpreting a statute,

18  the court's task is to discern the legislative intent.  Wells v.

19  One2One Learning Foundation, 39 Cal. 4th 1164, 1190 (2006).  If

20  the words are not ambiguous, the statute's plain meaning

21  prevails.  Id.  However, "if the language allows more than one

22  reasonable construction, [the court] may look to such aids as

23  the legislative history."  Id.  Here, the court finds the law is

24  unambiguous and that it need not resort to legislative history.

25      Section 226.7 requires that employers pay "one additional

26  hour of pay" for each day an employee is not provided with a

10

meal or rest period.  The law provides that:

> (1)  No employer shall require any employee to work
> during any meal or rest period mandated by an
> applicable order of the Industrial Welfare commission.
>
> (2)  If an employer fails to provide an employee a
> meal period or rest period in accordance with an
> applicable order of the Industrial Welfare Commission,
> the employer shall pay one additional hour of pay at
> the employee's regular rate of compensation for each
> work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

By itself, Section 226.7 does not contain language creating a private cause of action.  But it need not do so where the same language is provided elsewhere.  As plaintiffs correctly point out, California Labor Code Section 218 provides in relevant part that "[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."  Cal. Lab. Code § 218.  Because Section 226.7 falls within the same article (i.e., Sections 200-243) as Section 218, the legislature has provided in unmistakably clear language that a private right of action exists under Section 226.7.

Defendant urges that Section 218 does not constitute an affirmative right to sue but merely states that nothing in the article limits an otherwise existing right to sue.  This flatly contradicts well-settled case law.  See Smith v. Rae-Venter Law Group, 29 Cal. 4th 345, 350 (2002) (holding that employee may file civil action under Section 218); Reynolds v.

1  <u>Bement</u>, 36 Cal. 4th 1075, 1084 (2005) (same); <u>Sampson v.</u>

2  <u>Parking Serv. 2000 Com, Inc.</u>, 117 Cal. App. 212, 220 (2004)

3  ("Section 218 authorizes an employee . . . to 'sue directly'

4  for any unpaid wages or penalty owed under the Labor Code.").

5      Defendant also points out that other provisions of the

6  Labor Code expressly provide for a right to sue, suggesting

7  that the absence of similar provisions elsewhere is

8  intentional.  Furthermore, defendant argues that to read

9  Section 218 as providing a blanket private right of action

10 would render these provisions superfluous.  But this ignores

11 the fact that these provisions do more than simply reiterate

12 an employee's right to sue.  For example, the provisions cited

13 by defendant also specify when suit may be brought, Cal. Lab.

14 Code § 203, whether attorney's fees and costs of suit are

15 recoverable, Cal. Lab. Code § 1194, and whether intent is

16 relevant for liability, Cal. Lab. Code § 203.1.  More

17 importantly, though, to infer from the silence of Section

18 226.7 an intention not to create a private right of action

19 would import that which Section 218 expressly prohibited: a

20 limitation on the right to sue.

21 **C. Punitive Damages**

22     Last, defendant argues that because each statute giving

23 rise to plaintiff's claims provides for specific remedies and

24 penalties, plaintiff cannot recover punitive damages.  The

25 court disagrees.

26     When a statute imposes a penalty, that imposition

12

1  generally does not foreclose recovery of punitive damages.[3]

2  Trumbull & Trumbull v. ARA Transportation, Inc., 219 Cal. App.

3  3d 811, 826 (1983).  If, however, a new right that did not

4  exist at common law is created by statute and a remedy for the

5  violation of that right is provided, "such remedy is exclusive

6  of all others unless the statutory remedy is inadequate."  Id.

7  (citing Orloff v. Los Angeles Turf Club, 30 Cal. 2d 110,

8  112-113 (1947); Strauss v. A.L. Randall Co., 144 Cal. App. 3d

9  514 (1983)).

10      Although some of the statutes under which plaintiffs have

11 brought suit do provide for a penalty, defendant has failed to

12 meet its burden of demonstrating why such a penalty forecloses

13 the recovery of punitive damages with respect to any of

14 plaintiffs' claims.[4]  Defendant merely asserts that the wages

15 and penalties that plaintiffs seek were not recoverable at

16 common law.  Because recovery of punitive damages is not

17 generally foreclosed by the mere provision a statutory

18 penalty, the court denies defendant's motion to strike.

19                        **IV. Conclusion**

20      ────────────────

21      [3] Plaintiffs may be required to elect a remedy where there is
   a statutory penalty for conduct that also violates common law, but
22 the election is not made at the pleading stage.  Trumbull &
   Trumbull, 219 Cal. App 3d at 826.

23      [4] The complaint merely asks for punitive damages generally,
   SAC Prayer for Relief ¶ 8, and while defendant argues that punitive
24 damages may not be recovered under certain provisions of the Labor
   Code, see, e.g., Czechowski v. Tandy Corp., 731 F. Supp. 406, 410
25 (N.D. Cal. 1990) (holding that punitive damages are not recoverable
   under Labor Code § 203), this does not meet its burden of showing
26 that such relief is unavailable under any of plaintiffs' claims.

1    The motion to dismiss is hereby DENIED.

2    The motion to strike is hereby DENIED.

3    IT IS SO ORDERED.

4    DATED:  March 19, 2007.

5

6

7                          LAWRENCE K. KARLTON
                           SENIOR JUDGE
8                          UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26