1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

JASON CAMPBELL, and SARAH SOBEK, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers LLP,

12
13

Plaintiff,

14

v.

15
16

PRICEWATERHOUSECOOPERS LLP, a Limited Liability Partnership; and DOES 1-100, inclusive,

17

Defendant.

18

Case No..  06-CV-02376-LKK-GGH

**REVISED STIPULATED PROTECTIVE ORDER RE USE OF CONFIDENTIAL INFORMATION**

19
20
21
22
23
24
25
26
27
28

1.     This Protective Order ("Protective Order") governs the treatment of all documents, depositions and deposition exhibits, interrogatory answers, responses to requests for admissions and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries of documents ("Discovery Material") produced by Plaintiffs Jason Campbell and Sara Sobek and Defendant PricewaterhouseCoopers LLP ("PwC" or "the Firm") and any non-party who agrees to the terms of this Protective Order in the above-captioned matter ("Action") in accordance with the procedures set forth below or that otherwise are relevant under the terms hereof.  Discovery Material designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** in accordance with the appropriate procedures set forth herein shall be used ONLY for the prosecution and/or defense of this Action and shall not be disclosed to any persons, except as set forth herein, without the prior written consent of the designating party or owner of the **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** information.  Discovery Materials designated **"Confidential"** shall be referred to herein as "Confidential Discovery Materials." Any such designation may be made only when a party has a good faith basis for considering the Discovery Material to constitute confidential Discovery Material.  All Discovery Material so designated and all the information contained therein shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.  Discovery Materials designated **"Highly Confidential"** shall be referred to herein as "Highly Confidential Discovery Materials."  Such designation may only be made when the designating party has a good faith basis for considering the Discovery Material to constitute Highly Confidential Discovery Materials.  All Discovery Material so designated and all information derived therefrom shall be referred to in this Protective Order as "Highly Confidential Discovery Material" and shall be handled in strict accordance with the terms of the this Protective Order.

2.     Reference herein to any category or type of Discovery Material designated as **"CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"** is not intended to and shall not be construed as an admission that such Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible

1   evidence.  Discovery Material designated as **"CONFIDENTIAL" OR "HIGHLY**

2   **CONFIDENTIAL"** shall be used ONLY for the prosecution and/or defense of this Action and

3   shall not be disclosed to any person, except as permitted and provided for under this Stipulated

4   Protective Order, without the prior written consent of the designating party or owner of the

5   information.

6        3.        Any party may designate as **"CONFIDENTIAL"** any Discovery Material that

7   party considers in good faith to contain secret, proprietary, private, or confidential information

8   that is produced by that party or received by that party during the course of this Action.  Nothing

9   in this Protective Order shall permit or require PwC to disclose, before a class is certified, the

10  names and addresses of putative class members.  If a class is ultimately certified in this Action,

11  PwC shall disclose such information after an appropriate discovery request or order from the

12  Court and subject to the provisions of this Protective Order.  Moreover, nothing in this Protective

13  Order shall require PwC to disclose other private confidential information about third parties,

14  including but not limited to telephone numbers, social security numbers and individualized

15  compensation or tax-related data, absent written permission from the third party authorizing PwC to

16  disclose such information.

17       4.        Any party may designate as **"HIGHLY CONFIDENTIAL"** any Confidential

18  Discovery Material that is for "attorneys eyes only," *i.e.*, that Confidential Discovery Material

19  which contains information of the most sensitive nature that must not only be protected from

20  disclosure to non-parties, but also from disclosure to the parties themselves.  Any such

21  designation shall subject the Discovery Material, its contents, and any portion thereof, to this

22  Protective Order without any further act on the part of the designating party.

23       5.        Any party may designate information and/or documents disclosed during a

24  deposition or in response to written discovery as "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL" by so indicating:

26            (a)        in said discovery responses if the discovery responses are produced by the

27  party wishing to designate information;

28            (b)        by stamping or affixing the appropriate legend **"CONFIDENTIAL,"** or

REVISED STIPULATED PROTECTIVE ORDER RE USE
OF CONFIDENTIAL INFORMATION
06-CV-02376-LKK-GGH

**"HIGHLY CONFIDENTIAL"** on the face of the document and on each page or portion thereof so designated.  Any such designation shall subject the document, its contents, and any portion thereof, to this Protective Order without any further act on the part of the designating party;

(c)    via written notification to the opposing party's counsel within thirty (30) calendar days of receipt of discovery responses or documents from the opposing party so designating the specific responses by number and/or documents by bates number or bates range;

(d)    on the record at the deposition and, if preferred, requesting the preparation of a separate transcript of such material; or

(e)    via written notification to the opposing party's counsel within twenty-one (21) calendar days after receipt of the final deposition transcript specifying the pages of the transcript, exhibits and/or videotape to be so designated.  Until the above-referenced 21-day period expires, the complete deposition transcript (including exhibits) and videotape of any depositions, with the exception of the depositions transcripts of the named Plaintiffs, shall be treated as Highly Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the designating party.  The named Plaintiffs' deposition transcripts shall be treated as Confidential Discovery Material until the same 21-day period has expired unless otherwise specified in writing or on the record of the deposition by the designating party.  All copies of deposition transcripts that contain information or material designated as Confidential or Highly Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential" on the cover thereof and on each page that contains Confidential or Highly Confidential Discovery Material and, if submitted with the Court, the portions of such transcripts so designated shall be submitted in accordance with the provision of Paragraphs 11 and 12.

6.    To the extent this protective order is entered into by the parties and ordered by the Court after the taking of any deposition, receipt of any deposition transcript, production or receipt of information a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", any party has thirty (30) calendar days from entry of this Protective Order to make the appropriate designations by providing written notice to the other party of the specific

material designated as "Confidential" or "Highly Confidential."

7.     Discovery Material designated as Confidential Discovery Material, or information contained therein, may be disclosed or made available without written consent from the designating party or owner of the **"CONFIDENTIAL"** information ONLY to the following persons:

(a)     Counsel of record in this Action, including employees of such law firms, other outside counsel associated with Counsel of record in the representation of a party in this Action and in-house counsel and legal assistants employed by a party to this Action and providing services in connection with this Action, provided that all such persons shall be bound by the provisions of this Protective Order;

(b)     All parties of record to the Action;

(c)     Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and provided that any such persons execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the designating party upon a showing of good cause;

(d)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed Appendix A.

(e)     Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(f)     Any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

8.     Discovery Material designated as Highly Confidential Discovery Material or information contained therein, may be disclosed or made available without written consent from the designating party or owner of the **"HIGHLY CONFIDENTIAL"** material ONLY to the following persons: Counsel of record in this Action, including employees of such law firms; other outside counsel associated with Counsel of record in the representation of a Party in this Action

- 5 -

and in-house counsel and legal assistants employed by a party to this Action and providing

services in connection with this Action provided that all such persons shall be bound by the

provisions of this Protective Order; and independent experts or consultants of the receiving party

to whom disclosure is reasonably necessary for this litigation and provided that any such persons

execute an undertaking to be bound by this Protective Order in the form attached hereto as

Appendix A prior to disclosure, and a copy of such signed undertaking is retained by counsel for

the party making disclosure so that it may be shown to counsel for the designating party upon a

showing of good cause.  An expert shall be considered an independent expert or consultant only if

he or she is not currently employed by or consulting with any competitor of the party producing

the Highly Confidential Discovery Material.  Defendant's competitors for purposes of this

provision are defined as any current employee, partner or principal of any large or mid-sized

national or international accounting firm.

       9.     Confidential or Highly Confidential Discovery Material may be disclosed only

under the circumstances and to the persons specifically provided for in this or subsequent Court

orders, or with the prior written consent of the designating party or owner of the Confidential or

Highly Confidential Discovery Material with respect to specifically identified Confidential or

Highly Confidential Discovery Material, or pursuant to a subpoena or court order in another

action during the pendency of this Action provided that the party receiving such subpoena or

court order gives prompt notice to the designating party or owner of the Confidential or Highly

Confidential Discovery Material so that party or individual has an opportunity to seek relief from

the subpoena or court order.  Other than set forth in the proceeding sentence, Confidential or

Highly Confidential Discovery Material shall not be used or employed for any other purpose

whatsoever.  Counsel for the parties or other individuals who execute Appendix A hereto in

accordance with Paragraphs 7 and 8 of this Protective Order are restrained from using, disclosing

or otherwise divulging Confidential or Highly Confidential Discovery Material, as well as the

information derived from such material, in the prosecution or defense of any case or other

proceeding other than this Action and only as permitted by the terms of this Protective Order.

Confidential or Highly Confidential Discovery Material shall be used only for those purposes

REVISED STIPULATED PROTECTIVE ORDER RE USE
OF CONFIDENTIAL INFORMATION
06-CV-02376-LKK-GGH

delineated above, and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Protective Order.

10. The inadvertent failure to designate Discovery Material as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** in no way alters or waives the protected and **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** nature of the Discovery Material otherwise deserving of a **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** designation and does not remove it from the scope of this Protective Order once it is properly designated by stamp or written notification as provided herein. Upon the discovery of an inadvertent production of Confidential or Highly Confidential Discovery Material without the appropriate designation, the producing party shall promptly provide a replacement copy of such Discovery Material with the appropriate **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** designation. The unmarked Discovery Material shall be immediately returned to the producing party upon receipt of the replacement copy. Treatment of inadvertently produced Confidential or Highly Confidential Discovery Material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production shall not be considered a breach of this Protective Order.

11. Absent consent by the designating party or owner of the **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** information, in the event that counsel for any party determines to file with the Court any pleading, motions, brief or other papers which contain or make reference to Confidential or Highly Confidential Discovery Material, such papers shall not be filed in the public records, but shall be lodged with the Court under seal in sealed envelopes or other appropriate sealed containers, until such time as any other affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Discovery Material files a Motion to Seal the documents in accordance with Paragraph 12 below. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential or Highly Confidential Discovery Material is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

1

2

"This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

3

4   12.   A party that files with the Court, or seeks to use at trial or any hearing in this

5   matter, materials designated as Confidential or Highly Confidential Discovery Material by anyone

6   other than itself, and who does not seek to have the record containing such information sealed, shall

7   comply with the following requirements:

8   (a)   At least five (5) court days prior to offering Confidential or Highly

9   Confidential Discovery Material into evidence at trial or at any hearing in open court, the

10   submitting party shall give notice to all other parties of the submitting party's intention to file or

11   use the Discovery Material, including specific identification of the Discovery Material (e.g., bates

12   number).  Any affected party, non-party, designating party, or owner of the Confidential or

13   Highly Confidential Discovery Material may then apply for an order that the evidence be received

14   in camera or under other less public circumstances to prevent unnecessary disclosure.  This

15   procedure does not apply to materials designated as Confidential or Highly Confidential used

16   exclusively for impeachment purposes.  If materials designated as Confidential or Highly

17   Confidential are used exclusively for impeachment, the party seeking to use such materials shall

18   seek to have the proceedings closed prior to introduction of such material and shall abide by

19   paragraphs 11 and 12 if the material is thereafter filed with the court.

20   (b)   At the time of filing a motion or brief with the Court involving

21   Confidential or Highly Confidential Discovery Material, the submitting party will not file the

22   documents in the public record, but shall lodge the materials with the Court under seal.  Any

23   affected party may then file a motion to seal, pursuant to Local Rule 39-141, within fifteen (15)

24   court days after such lodging.  Documents lodged under seal shall bear a legend stating that such

25   materials shall be unsealed upon expiration of fifteen (15) court days, absent the filing of a

26   motion to seal or Court order.  All such materials shall be accepted by the Clerk of the Court for

27   lodging and shall be maintained by the Clerk of the Court separate from the public records in this

28   action and shall be released only upon further Order of the Court pursuant to Local Rule 39-141

REVISED STIPULATED PROTECTIVE ORDER RE USE
OF CONFIDENTIAL INFORMATION
06-CV-02376-LKK-GGH

regarding the Sealing of Documents.  Where possible, only **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** portions of the filings with the Court shall be lodged under seal.  The failure by the designating party or owner of Confidential or Highly Confidential Discovery Material to lodge such material with the Court under seal in no way alters or waives the protected and Confidential or Highly Confidential nature of the said material, which remains subject to the restrictions and limitations set forth in this Protective Order.

13.     Nothing in this Protective Order shall be interpreted to constitute an agreement by the parties as to what documents or information must be filed under seal in this litigation or shall block public access to non-confidential information.  Rather, this Protective Order sets forth only the procedure for *lodging* documents designated as "Confidential" or "Highly Confidential" temporarily under seal with the Court so that any affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Discovery Material may file a proper Motion to permanently Seal the documents from the public record.  Any such Motion to Seal must comply with federal rules and Local Rules for such sealing, and must set forth the statutory or other authority for sealing (including good cause for the sealing), the requested duration, and all other relevant information.  After the filing of the Motion to Seal, the Court will issue an Order as to whether the documents or information at issue should be permanently sealed from the public record or removed from lodging status and filed in the public record with the Court.  If a Motion to Seal is not filed within the time limits set forth above in Paragraph 12 (a) and (b) after proper notice that Confidential or Highly Confidential Discovery Material has been lodged under seal with the Court, the documents shall be removed from the sealed envelope(s) or sealed container(s) referenced in Paragraph 11 and shall be placed in the public record.

14.     Nothing in this Protective Order shall be interpreted to prohibit or prevent the party who owns the Confidential or Highly Confidential Discovery Material from using or discussing it in any way it sees fit for any reason.  Any such use or discussion of Confidential or Highly Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order, so long as such use or discussion occurs in a setting consistent with the maintenance of the confidential and non-public nature of such material.

REVISED STIPULATED PROTECTIVE ORDER RE USE
OF CONFIDENTIAL INFORMATION
06-CV-02376-LKK-GGH

15.     This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Discovery Material designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** under the terms of this Protective Order is properly discoverable, relevant or admissible in this or any other litigation. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

16.     The following procedure shall apply to any disputes arising from the designation of Discovery Materials pursuant to this Protective Order:

(a)     If a party in good faith disagrees with a party's designation, that party shall inform counsel for the designating party in writing of said disagreement no later than sixty (60) days prior to the motion cut-off deadline designated by the Court in this matter.

(b)     Upon written notification that a party disagrees with a designation, counsel for the objecting party and the designating party will meet and confer in a good faith effort to resolve the dispute without Court intervention.

(c)     If the dispute is not resolved within fifteen (15) court days of the designating party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes.

(d)     During the pendency of such judicial process all parties receiving Confidential or Highly Confidential Discovery Material shall abide by the designation.

With respect to any challenge of a Confidential or Highly Confidential designation that is brought to the Court's attention pursuant to the provision, the burden of proof to justify the confidential designation shall be with the party claiming that the document at issue contains confidential information.

17.     Each document, material, or other thing, or portion thereof (and the information contained therein) designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** shall retain that designation and shall remain subject to the terms of this Protective Order until such times as the parties agree to the contrary or the Court renders a decision that a particular document,

1    material, or other thing, or portion thereof (and the information contained therein) is not subject to

2    this Protective Order, and any and all proceedings or interlocutory appeals challenging such

3    decision have been concluded.

4              18.    Except as otherwise agreed in writing by the parties, within forty-five (45) days

5    after the entry of a final judgment (including resolution of appeals or petitions for review) or

6    other final disposition, all Confidential or Highly Confidential Discovery Material and all copies

7    thereof (including, without limitation, copies provided to testifying or consulting experts) shall be

8    returned to the individual or entity that owns the information, or alternatively the party's counsel

9    shall certify to the producing party that all such materials have been destroyed.  To the extent that

10   Plaintiffs produce documents or information to PwC that Plaintiffs obtained from PwC, from any

11   PwC equipment or information source, and/or that belongs to PwC that is subject to a Document

12   Preservation Notice binding upon PwC, PwC will retain this information to fulfill its legal

13   obligations in the other litigation matter(s) for which the Document Preservation Notice was

14   issued.

15             19.    To the extent there is any dispute about ownership of Confidential or Highly

16   Confidential Discovery Materials, or information obtained therefrom, the pal-ties and/or any non-

17   parties shall first attempt to resolve the matter informally through a meet and confer process.  If

18   these efforts are unsuccessful, the parties and/or non-parties shall submit the dispute to the

19   Discovery Magistrate in accordance with the Federal Rules of Civil Procedure and Local Rules of

20   this Court.

21             20.    Unless otherwise agreed in writing by the parties or ordered by this Court, this

22   Protective Order shall remain in effect after the final resolution of this dispute by any means, and

23   this Court shall retain jurisdiction to enforce this Protective Order.

24             21.    This Protective Order shall become effective among all parties to this Action and

25   all persons described herein upon entry of the Protective Order.

26             22.    Any party may apply to this Court, upon written notice, in accordance with the

27   Rules of this Court, for an Order amending, modifying or vacating this Protective Order.  Nothing

28   in this Protective Order shall be construed as prejudicing any party's right to seek an agreement

1   or Court order providing additional confidentiality or other protections to any Confidential or

2   Highly Confidential Discovery Material produced in this Action.  However, until such agreement

3   or order is obtained, this Protective Order shall govern.

4

5   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6   Dated:   _____

7                                                          _____
                                                           Attorneys for Plaintiffs Jason Campbell
                                                                      and Sarah Sobek

8   Dated:   _____

9                                                          _____
                                                              Attorneys for Defendant
                                                           PricewaterhouseCoopers LLP

10  PURSUANT TO STIPULATION, IT IS SO ORDERED **(as modified below)

11  Dated: 10/12/07                                        /s/ Gregory G. Hollows

12                                                         _____

13                                                            Gregory G. Hollows
                                                           United States Magistrate Judge

14  ** Paragraph 12(b) is modified as follows:

15  Since the court has no tickling mechanism to keep track of a fifteen day period from the filing
    (lodging) of documents under seal in any particular case (nor should it),[1] the party filing such
16  documents shall on the fifteenth court day after initial filing either file a motion to seal *or* a
    proposed order to unseal documents.  Failure to file one or the other, or both, may result in
17  sanctions.

18  This modification supersedes any provision of paragraph 12(b) to the contrary.

19

20

21

22

23

24

25

26

27

28
    _____
    [1]  With the advent of electronic filing, the ability of a party to "lodge" documents is for practical reasons not
    available.  Whether filed under seal or not, electronic documents coming to the court's servers are "filed."

                                              REVISED STIPULATED PROTECTIVE ORDER RE USE
                                                        OF CONFIDENTIAL INFORMATION
                                                              06-CV-02376-LKK-GGH

## APPENDIX A:  CONFIDENTIAL UNDERTAKING

I acknowledge that I have read and I am fully familiar with the Stipulated Protective Order in the matter of *Jason Campbell and Sarah Sobek v. PricewaterhouseCoopers, LLP,* Case No. 06-CV-02376-LKK-GGH (U.S. District Court, Eastern District of California), and hereby agree to abide by its terms and conditions, to make disclosures of Confidential Discovery Material only in accordance with the above-referenced Stipulated Protective Order.  I understand that all such Confidential Discovery Material and copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall be returned to counsel for the owner of the Confidential Discovery Material no later than forty-five (45) days after the termination of this proceeding.

Dated:_____

_____
Signature

_____
Name

_____
Address