```
                    UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA


JASON CAMPBELL and
SARAH SOBEK, individually,
and on behalf of all other
similarly situated current
and former employees of
PricewaterhouseCoopers, LLP,,
                                      NO. CIV. S-06-2376 LKK/GGH

          Plaintiffs,

     v.

PRICEWATERHOUSE COOPERS, LLP,                   O R D E R
a Limited Liability Partnership;,
and DOES 1-100, inclusive,

          Defendant.
                                      /
```

This is a class action against PriceWaterhouseCoopers (PwC) for overtime, meal and rest break violations, wage statement claims, and waiting time penalties. Previously, on March 25, 2008, the court granted in part plaintiffs' motion for class certification, certifying a class of individuals who worked as unlicensed associates in PwC's Attest division at any time from October 27, 2002 to the present and were classified as exempt employees. Pending before the court are two motions. First,

1

defendant has filed a motion to stay. Second, plaintiffs have filed a motion for approval of their proposed class notice and notice plan. For the reasons explained below, the court denies the motion to stay and grants the motion for approval of class notice.

### I. Motion to Stay

District courts possess and inherent authority to stay proceedings that is "'incidental to the power inherent in every court to control the disposition of the causes of the docket with economy of time and effort for itself, for counsel, and for litigants." See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

Here, PwC asserts two grounds for a stay. The first ground -- the parties' petitions for interlocutory appeal, pending at the time of the motion's filing -- is now moot, as the Ninth Circuit denied the petitions on May 16, 2008.

The second asserted ground is that a stay (at least with respect to class notice) is warranted in light of two putative class actions that have recently been transferred to this district: Kress v. PriceWaterhouseCoopers, 08-965-LKK/GGH, and Le v. PriceWaterhouseCoopers, 08-997-LKK/EFB. The scope of the proposed Kress class is similar to that originally proposed here. Kress Compl. ¶ 20 (defining class as "All persons employed by Defendants in the State of California as salaried exempt employees to do accounting work at any time within four years of the filing [of] this complaint to the present but who were not licensed or

2

certified by the State of California in the Practice of accounting and were not paid overtime"). The scope of the proposed Le class is broader, because in addition to seeking certification of a class of unlicensed California associates under California law, the plaintiff also seeks certification of a nationwide class of unlicensed associates under the Fair Labor Standards Act (FLSA). Le Compl. ¶ 43.

Defendant argues that a stay would permit the court to resolve class certification in Kress and Le first, and then, if certification is granted, to issue a single, consolidated class notice. Without prejudging the merits of certification in Kress or Le, it seems unlikely that certification of a second class of California associates under California law would be appropriate. As plaintiffs note, it is not unusual for class actions to be filed "on top of" an originally filed class action; but the later-filed actions do not undo the original certification. The certification of a second class would therefore likely be duplicative and potentially lead to confusion among class members.

The FLSA claim presents a slightly more complicated issue, but it too fails to support defendant's request for a stay of issuing class notice. First, assuming that a nationwide collective action is certified, it is not at all clear that a consolidated class notice would be better than serially issuing two separate notices. The nationwide FLSA class would require putative class members to opt-in if they wish to participate in the action, whereas the certified California class only requires class members to opt-out

3

if they choose not to participate in the action. While courts have permitted the simultaneous use of both procedures, they have recognized the potential for confusion in doing so. See Ellison v. Autozone Inc., No. C06-07522 MJJ, 2007 WL 2701923, at *2 (N.D. Cal. Sept. 13, 2007) (denying motion to strike state law claim but noting that "[d]efendant may ultimately be able to demonstrate that having concurrent opt-in and opt-out proceedings is unworkable or would unduly confuse potential plaintiffs"). While issuing two separate class notices may also not be ideal, it may lessen the potential for confusion. See Ramirez v. RDO-BOS Farms, LLC, 2007 WL 273604, at *2 (D. Or. Jan. 23, 2007) (permitting certification under both Rule 23 and FLSA where class notices would be issued serially rather than in a joint notice).

Second, it is possible that the only appropriate nationwide collective action that could be certified is one that carves out California, in light of the class already certified here. Cf. In re Diet Drugs Prods. Liab. Litig. 1999 U.S. Dist. LEXIS 13228, at *49-*50 (E.D. Pa. Aug. 26, 1999) (conditionally certifying nationwide class that excluded members of certified state classes). If true, the risk of confusion to class members may never materialize, because the classes will not overlap.

Third, any benefit gained by staying class notice must be weighed against the prejudice to plaintiffs in delaying the prosecution of their case.

For all these reasons, the court concludes that a stay of class notice is inappropriate. The potential that this action may

be consolidated with Kress and Le does not change that conclusion. See Fed. R. Civ. P. 42(a). Even if the cases were consolidated (which no party has yet requested), "consolidation is a purely ministerial act." New York v. Microsoft Corp., 209 F. Supp. 2d 132, 148 (D.D.C. 2002). It would not affect the scope of the class that has already been certified. Accordingly, the court denies the motion to stay.

## II. Motion to Approve Class Notice

Plaintiffs also seek approval of their proposed class notice. As directed by Rule 23(c), the class notice must "clearly and concisely state in plain, easily understood language": the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members. Fed. R. Civ. P. 23(c)(3).

Contrary to defendant's portrayal of the court's certification order, these elements have previously been adjudicated and decided. As noted above, the certified class consists of individuals who worked as unlicensed associates in PwC's Attest division at any time from October 27, 2002 to the present and were classified as exempt employees. The class claims include those for overtime, meal and rest break violations, wage statement claims, and waiting time penalties based on California Labor Code sections 1174, 1194,

510, 226.7, 226, 203, and Business and Professions Code section 17200.[1]  The defense is that the plaintiffs were properly classified as exempt employees.  The court also appointed Jason Campbell and Sarah Sobek as class representatives and their attorneys as class counsel.

The majority of the purported defects in the proposed class notice identified by defendant have subsequently been cured in an amended notice.  The amended notice amply comports with the requirements of Rule 23(c)(2)(B).

The one final issue concerns whether defendant is required to disclose class members' telephone and social security numbers to plaintiffs' counsel.  Defendant argues that such disclosure would violate the privacy rights of its current and former employees.  Plaintiffs respond that in the event that mail is returned undelivered, knowledge of the individual's former mailing address and social security number is helpful to ascertaining their new address.  Decl. of Marilyn J. Thompson ¶ 6.  Rather than provide the social security numbers of all class members, the court orders that PwC provide such information where the notices are returned undelivered, and the information is needed to obtain the new address.[2]

////

---

[1] The court adopts by reference the list of legal claims in plaintiffs' proposed class notice.  Class Notice at 3.

[2] Plaintiffs have not stated a reason as to why they need telephone numbers tln addition to social security numbers.

6

**III. Conclusion**

For the reasons explained above, the court orders as follows:

1. The motion to stay (Dock. No. 184) is DENIED.

2. The motion to approve class notice (Dock. No. 188) is GRANTED.

   a. The form of class noticed attached as Exhibit A to plaintiff's proposed order filed on May 23, 2008 is approved for mailing.

   b. PwC shall provide class counsel an electronic mailing list that identifies each person employed by PwC in California who, at any time during the period October 27, 2002 to the present, (a) worked as an associate in the Attest division of PwC's Assurance Line of Service, (b) was not licensed as a certified public accountant by the State of California for some or all of the period he or she worked in this position, and (c) was classified as an exempt employee while working in this position.

   c. This mailing list shall be provided to class counsel within 30 calendar days of the court's entry of this order.

   d. The mailing list shall include PwC's most current mailing information for each class member, including (a) name; (b) address or P.O. box; (c) city; (d) state; and (e) zip code.  Where mail is returned undelivered, PwC shall provide class counsel with the class member's social security number.

7

e. Plaintiff shall keep all class member data and mailing list information confidential pursuant to the parties' confidentiality agreement and stipulated protective order.

f. Plaintiffs shall disseminate by first class mail a true and correct copy of the approved notice to each class member identified in the mailing list provided by PwC. This shall be done within 20 calendar days of receipt of the mailing list.

g. Class members will be given 45 days to opt out of the class. Accordingly, the last day to opt out shall be 45 days from the date notice is mailed.

IT IS SO ORDERED.

DATED: June 4, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8