LYNNE C. HERMLE (STATE BAR NO. 99779)
JOSEPH C. LIBURT (STATE BAR NO. 155507)
STEVE CHARIYASATIT (STATE BAR NO. 252028)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

NORMAN C. HILE (STATE BAR NO. 57299)
JULIE A. TOTTEN (STATE BAR NO. 166470)
DAVID A. PRAHL (STATE BAR NO. 233583)
ANDREA L. BROWN (STATE BAR NO. 237629)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone:     (916) 447-9200
Facsimile:      (916) 329-4900

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP
(erroneously sued as "PricewaterhouseCoopers, LLP")

WILLIAM A. KERSHAW (STATE BAR NO. 0574876)
LYLE W. COOK (STATE BAR NO. 148914)
STUART C. TALLEY (STATE BAR NO. 180374)
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone:     (916) 448-9800
Facsimile:      (916) 669-4499

Attorneys for Plaintiffs
JASON CAMPBELL and SARAH SOBEK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAMPBELL and SARAH SOBEK, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS, LLP, a Limited Liability Partnership; and DOES 1-100, inclusive,<br><br>Defendant. | Case No.  06-CV-02376-LKK-GGH<br><br>**STIPULATION AND ORDER RE SCHEDULING ORDER** |

[PROPOSED] STIPULATION AND ORDER RE SCHEDULING ORDER

PDF created with pdfFactory trial version www.pdffactory.com

This is a class action lawsuit brought by Plaintiffs Jason Campbell and Sarah Sobek ("Plaintiffs") on behalf of various California employees of Defendant PricewaterhouseCoopers LLP ("PwC") who allege they were misclassified as exempt employees under California law. On October 24, 2007, Plaintiffs filed a motion for class certification that was heard on February 25, 2008. On March 25, 2008, the Court entered an order certifying a class consisting of non-licensed Associates working in the Attest division of PwC's Assurance line of service in California during the period from October 27, 2002 to the present. As part of the order, the Court certified its decision for interlocutory appeal.

Thereafter, Plaintiffs and PwC both filed petitions with the Court of Appeals seeking permission to file an appeal. Following the filing of these petitions, PwC sought an order from the Court staying the instant litigation. During the time period that the motion to stay and appeal were pending, no discovery occurred in the litigation.

On May 16, 2008, the appellate court denied both of the petitions. On June 5, 2008, this Court denied PwC's request for a stay and ordered that notice be sent to the class. Under the Court's order, the class will not receive notice until approximately July 25, 2008.

This case is currently set for trial on March 3, 2009. The parties presently disagree as to whether there will be sufficient time to prepare the case for trial by that date. PwC believes that it is unlikely that the parties will be able to prepare the case for trial by March 3, 2009 given that discovery is ongoing and the parties anticipate preparing and submitting further dispositive motions to the Court. In addition, PwC intends to file a motion to consolidate this action with two related class actions presently pending before this Court: (1) *Le v. PricewaterhouseCoopers, LLP*, Case No. 2:08-cv-00997-LKK-EFB; and (2) *Kress et al. v. PricewaterhouseCoopers LLP*, Case No. 2:08-cv-00965-LKK-GGH. Given these circumstances, PwC believes that the trial date should be extended, and respectfully requests that the Court defer determining the length of any extension of the trial date until the hearing on PwC's consolidation motion, which will be filed shortly.

Plaintiffs, on the other hand, believe that there will be sufficient time to prepare the case for trial by March 3, 2009 and would like to maintain this trial date. However, plaintiffs recognize

that the Court's original Pretrial Order provides that any adjustment of the court's deadlines must be accompanied by an adjustment of the trial date.

Notwithstanding the parties' disagreement as to whether there will be sufficient time to prepare the case for trial by March 3, 2009, the parties agree that it is unlikely that discovery and other matters can be completed within currently-set deadlines. The parties accordingly request that the currently-set schedule be adjusted as set forth below in order to allow for the completion of discovery. The parties believe there is good cause for this adjustment to the schedule in light of the delays caused by the interlocutory appeals and the process of sending notice to the class.

Based on the foregoing,

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs and PwC, by and through their respective undersigned counsel, that the following schedule be adopted by the Court:

1. All non-expert discovery shall be completed on or before October 22, 2008. In accordance with the Court's January 24, 2007 Scheduling Order, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery shall be noticed on the magistrate judge's calendar in accordance with the local rules of this court so that such motions will be heard not later than September 22, 2008.

2. All expert designations shall be made by October 22, 2008, accompanied by a written report as required by Federal Rule of Civil Procedure 26(a)(2)(B). Depositions of such experts shall occur within 30 days of designation. If an expert is retained solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2(B), such expert disclosures shall be made within 30 days after the other party's disclosure, accompanied by a written report as required by Rule 26(a)(2)(B). Depositions of such experts shall occur within 30 days of designation. The parties must supplement these disclosures when required under Rule 26(e).

///

PDF created with pdfFactory trial version www.pdffactory.com

3. All law and motion shall be conducted so as to be completed by November 24, 2008. In accordance with the Court's January 24, 2007 Scheduling Order, the word "completed" means that all law and motion matters must be heard by this date.

4. A mid-litigation statement shall be filed by no later than October 8, 2008.

5. The Final Pretrial Conference shall take place at 3:30 on January 12, 2009. With the exception of this revised schedule, all other orders in the Court's January 24, 2007 Scheduling Order shall remain in full force and effect.

IT IS HEREBY STIPULATED.

Dated: June 30, 2008                              ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/
Norman C. Hile
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

Dated: June 30, 2008                              KERSHAW, CUTTER & RATINOFF, LLP

/s/

Attorneys for Plaintiffs
Jason Campbell and Sarah Sobek

**ORDER**

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated: July 2, 2008

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

- 3 -                              [PROPOSED] STIPULATION AND ORDER RE SCHEDULING ORDER

PDF created with pdfFactory trial version www.pdffactory.com