UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON CAMPBELL and
SARAH SOBEK, individually,
and on behalf of all other
similarly situated current
and former employees of
PricewaterhouseCoopers, LLP,,

NO. CIV. S-06-2376 LKK/GGH

Plaintiffs,

v.

PRICEWATERHOUSE COOPERS, LLP,
a Limited Liability Partnership;,
and DOES 1-100, inclusive,

**O R D E R**

Defendant.
_____/

Defendant PricewaterhouseCoopers ("PwC") has filed an ex parte application to extend the discovery cut-off date, pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiffs oppose this application. For the reasons stated below, this application is denied.

**I. BACKGROUND**

The initial scheduling conference in this case was held on January 22, 2007. Subsequent to that conference, this court entered a scheduling order providing for close of non-expert

1

discovery on June 22, 2008. Pursuant to the parties' stipulations, this order has been amended twice, extending discovery to October 8, 2008, and then to February 20, 2009. (Order of October 23, 2008).

On February 4, 2009, PwC noticed depositions for six absent class members, to be taken on February 12 through 20, 2009. Plaintiffs oppose the taking of these depositions, and filed a motion for a protective order on February 11, 2009. That hearing is set for March 21, 2009.[1]

Of these six absent class members, one, Joseph Soave, submitted a fourteen page declaration in support of plaintiffs' motion for summary judgment. The declaration was submitted on November 19, 2008. Three of the remaining individuals submitted declarations supporting defendant's opposition to class certification. The remaining two individuals apparently have not been specifically involved in this case.

## II. STANDARD

The discovery deadline was established by this court's Fed. R. Civ. P. 16 scheduling order, entered after the parties' Rule 16(b)(1)(B) scheduling conference. Once a scheduling order is issued, the schedule may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[1] PwC separately filed a motion to compel and an ex parte application for an order shortening time, which would have caused that motion to be heard on February 19, 2009. The magistrate assigned to this case denied the application on February 17. Thus, the motion to compel is also set for March 21, 2009.

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, see [In re San Juan DuPont Plaza Hotel Fire Litig., 111 F.3d 220, 228 (1st Cir. 1997)]; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, see Johnson, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, see [Eckert Cold Storage v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)].

Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999); see also 6A, Wright, Miller & Kane, Fed. Prac. & Proc. Civ.2d § 1522.1 ("good cause" means scheduling deadlines cannot be met despite party's diligence).

### III. ANALYSIS

Although plaintiffs' motion for a protective order is not presently before this court, that motion relates to the present issue. Plaintiffs argue that discovery of absent class members is disfavored. It is clear that such discovery presents special concerns. See 7B, Wright, Miller & Kane, Fed. Prac. & Proc. Civ.2d § 1796.1. Accordingly, courts have held that such discovery must be limited. See, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 n.2 (1985) (noting that discovery is rarely imposed on

3

absent class members), <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1202 n.9 (9th Cir. 2008) (Fed. R. Civ. P. 23 imposes inherent limitations on absent class member discovery), <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1556 (11th Cir. 1986).

PwC therefore had reason to expect that the appropriateness of any discovery directed to absent class members would need to be argued before the magistrate assigned to this case. PwC also has shown no reason why it could not have sought this discovery at an earlier point. Absent class members Soave's declaration was filed on November 19, 2008. PwC has not provided an explanation as to why it delayed until February 4, 2009 to notice his deposition. The remaining five absent class members apparently could have been deposed at any time, as PwC has not stated why its decision to seek to depose these individuals could not have been made earlier.

In light of the foreseeability of both the reasons for deposing these absent class members and the likely challenge to the appropriateness of such depositions, PwC should have noticed these depositions at a time that would allow this question to be resolved prior to the scheduled close of discovery. PwC has not shown that its failure to do so was consistent with the exercise of diligent efforts to comply with the scheduling order. PwC therefore has not shown good cause for modification of that order.

**IV. CONCLUSION**

For the reasons stated above, defendant PwC's ex parte
////
////

application to extend the discovery cut-off date is DENIED.

IT IS SO ORDERED.

DATED: March 3, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT