UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON CAMPBELL and
SARAH SOBEK, individually,
and on behalf of all other
similarly situated current
and former employees of
PricewaterhouseCoopers, LLP,,

NO. CIV. S-06-2376 LKK/GGH

Plaintiffs,

v.

PRICEWATERHOUSE COOPERS, LLP,
a Limited Liability Partnership;,
and DOES 1-100, inclusive,
Defendant.

**O R D E R**

_____/

Pending before the court is defendant PricwaterhouseCoopers's ("PwC") motion to strike certain evidence submitted by plaintiffs. Plaintiffs filed a motion for summary judgment[1] on the affirmative defense of exemption ("Plaintiffs' MSJ") on September 22, 2008. On November 17, 2008, plaintiffs filed their reply to PwC's

---

[1] This motion may more properly be labeled a motion for summary adjudication. Nonetheless, for purposes of this motion, the court adopts plaintiffs' term.

1

opposition to this motion. Accompanying this reply was a declaration by plaintiff's counsel William Kershaw, to which were attached excerpts from two depositions conducted after Plaintiffs' MSJ was filed, as well as evidence produced by PwC in the intervening period. PwC moves to strike this evidence as inappropriately submitted for the first time on reply.

PwC filed a cross-motion for summary judgment on this same affirmative defense on October 27, 2008.[2] Plaintiffs filed their opposition to the cross-motion on November 20, 2008, three days after plaintiffs filed their reply in support of their own motion. Copies of the challenged evidence were also submitted accompanying plaintiffs' opposition. PwC subsequently filed a reply in support of its cross-motion. PwC's reply presented an opportunity to address the challenged evidence, and PwC in fact addressed it.

In evaluating a motion for summary judgment, a court may consider evidence submitted for the first time in a reply if the adverse party has had an opportunity to respond. El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1041 (9th Cir. 2003) (citing Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)). This is true even when the moving party's additional evidence is "new" in that it goes beyond merely countering evidence submitted in opposition to the motion for summary judgment. The policy served by excluding new evidence is the avoidance of prejudice to the non-moving party.

---

[2] The depositions whose excerpts PwC challenges occurred on October 15 and 22, 2008, and therefore prior to PwC's filing of its motion.

1 | Provenz, 102 F.3d at 1483.  Here, where PwC has actually responded
2 | to the challenged evidence in the context of its cross-motion on
3 | the exact same issues, there is no prejudice.  Absent prejudice,
4 | the court's preference for deciding cases on the merits warrants
5 | consideration of this evidence.
6 |     For the reasons stated above, PwC's motion to strike (Doc. No.
7 | 351) is DENIED.
8 |     IT IS SO ORDERED.
9 |     DATED:  March 5, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT