UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON CAMPBELL and
SARAH SOBEK, individually,
and on behalf of all other
similarly situated current
and former employees of
PricewaterhouseCoopers, LLP,,

NO. CIV. S-06-2376 LKK/GGH

Plaintiffs,

v.

PRICEWATERHOUSECOOPERS, LLP,
a Limited Liability Partnership;,
and DOES 1-100, inclusive,

**O R D E R**

Defendant.
_____/

Pending before the court are motions by defendant PricewaterhouseCoopers (Doc. Nos. 291, 301, 345) seeking to seal various documents relating to plaintiffs' motion for summary judgment as to breach of legal duty. As explained below, the court tentatively concludes that sealing is unwarranted for many of these documents.

### I. STANDARD FOR A MOTION TO SEAL

The Ninth Circuit has recognized "a strong presumption in

1

favor of access to court records." <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). The standard for overriding this presumption and sealing documents differs according to the type of motion supported by the documents. "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing <u>Foltz</u>, 331 F.3d at 1136). For records attached to nondispositive motions, a motion to seal may be granted on a showing of "good cause" under Fed. R. Civ. P. 26(c). <u>Id.</u> (citing <u>Fotlz</u>, 331 F.3d at 1135).

In general, "compelling reasons" exist when documents might be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." <u>Kamakana</u>, 447 F.3d at 1180 (citing <u>Nixon v. Warner Communications</u>, 435 U.S. 589, 598 (1978)). This standard is therefore higher than the "good cause" standard under Fed. R. Civ. P. 26 (c). <u>Id.</u>

**II. ANALYSIS**

Defendants have moved to seal documents filed in connection with the motion, opposition, and reply for plaintiffs' Motion for Summary Judgment on Breach of Legal Duty Under California Labor Code Sections ("Plaintiffs' MSJ"). This motion for summary judgment addresses the hours worked by class members, rest and meal breaks taken, itemized wage statements, and waiting time penalties.

On the record before it, the court cannot conclude that the parties' actions in connection with these issues generally

constitute sensitive trade secrets. Although the court has granted defendant's motions to seal documents relating to some aspects of the type of work class members perform and the manner in which it is performed, the general details of when class members take lunch carry with them a lesser need for secrecy.

Accordingly, the court has attempted to identify which specific portions of the subject documents pertain to information that might constitute sealable information, balancing this against the public's interest in access to documents supporting dispositive motions. The court recognizes that this determination is imprecise. Therefore, the court provides the parties with ten days to explain whether there are compelling reasons to seal more than only the following portions of the relevant documents. Such explanation should not repeat the explanation already provided.

The documents and portions thereof for which the court tentatively concludes that sealing is appropriate are described below.

**A. Document 291, Motion to Seal Plaintiff's Motion for Summary Judgment on Breach of Legal Duty**

The court tentatively concludes that sealing is appropriate for the following:

* Plaintiff's Memorandum of Points and Authorities in Support of Plaintiffs' MSJ, Doc. No. 272, at Page 18, lines 21-23; page 19, lines 1-7;
* Plaintiffs' Statement of Undisputed Facts in Support of Plaintiffs' MSJ, Doc. No. 273, UF 17. In sealing this

1 | undisputed fact, all information pertaining to UF 17 shall be sealed, including information contained in both the "Undisputed Material Facts" column and the "Supporting Evidence" column;
- Exhibit 1 to the Declaration of William A. Kershaw in Support of Plaintiffs' MSJ ("Kershaw MSJ II Dec."), Doc. No. 274 (copies of select pages from the deposition of PwC's Rule 30(b)(6) witness, Kathleen Harada ("Harada Depo."));
- Exhibit 4 to the Kershaw MSJ Dec. (copies of select pages from the deposition of PwC's Rule 30(b)(6) witness, Debbie McBee ("McBee Depo."));
- Exhibit 5 to the Kershaw MSJ Dec. (copies of select pages from PwC's "U.S. Supplement to the PwC Code of Conduct," dated in 2004);
- Exhibit 6 to the Kershaw MSJ Dec. (copies of select pages from PwC's "U.S. Supplement to the PwC Code of Conduct," dated in 2001);
- Exhibits 7 and 8 to the Kershaw MSJ Dec. (copies of select pages documenting PwC's timekeeping and expense reporting policies and guidelines ("timekeeping policies"));
- Exhibits 9 and 10 to the Kershaw MSJ Dec. (copies of PwC's Workload Balance Reports);
- Exhibit 12 to the Kershaw MSJ Dec. (copies of select pages from a Coopers & Lybrand Staff Handbook);
- Exhibit 13 to the Kershaw MSJ Dec. (copies of select pages from the deposition of Ashlee Pierce at pages 69-70); and

4

* Exhibit 14 to the Kershaw MSJ Dec. (copies of select pages from the deposition of Thomas Erginsoy at pages 10-11, 18).

**B. Document 301, Motion to Seal Defendant's Opposition to Plaintiff's Motion for Summary Judgment on Breach of Legal Duty**

The court tentatively concludes that sealing is appropriate for the following:

* Defendant's Brief in Opposition to Plaintiffs' Motion for Summary Judgment on Breach of Legal Duty at page 2, lines 20-28; page 3, lines 1-6;
* Defendant's Response to Plaintiff's Statement of Undisputed Material Facts In Support of Motion for Summary Judgment on Breach of Legal Duty, UF 17. In sealing this undisputed fact, all information pertaining to UF 17 shall be sealed, including information contained in both the "Undisputed Material Facts" column and the "Supporting Evidence" column;
* Defendant's Statement of Additional Facts Precluding Motion for Summary Judgment, AFs 22 to 28;
* Defendant's Objections to Plaintiffs' Evidence Submitted in Support of Plaintiffs' Motion for Summary Judgment on Breach of Legal Duty at page 2, lines 13-16; page 18, lines 22-28; pages 19 to 30; page 31, lines 1-18.
* The following Exhibits to the declaration of Norman C. Hile in Support of PwC's Opposition to Plaintiffs' Motion for Summary Judgment on Breach of Legal Duty ("Hile Dec. II"), all of which have been previously filed as evidence, and have

been subject to prior motions to seal: Exhibit 1 (Declaration of Laura Anderson); Exhibit 2 (Declaration of Mark Bates), Exhibit 3 (Declaration of Rodney Dowell), Exhibit 4 (Declaration of Thomas Erginsoy); Exhibit 5 (Declaration of Erica Gellerman), Exhibit 7 (Declaration of Blair Krebs), Exhibit 8 (Declaration of Annie Kurosaki), Exhibit 9 (Declaration of Michael McCarvel), Exhibit 10 (Declaration of Jeffrey Mollenhauer), Exhibit 11 (Declaration of Jennifer Nielsen), Exhibit 12 (Declaration of Ashlee Pierce), Exhibit 13 (Declaration of Travis Salha), Exhibit 14 (Declaration of Nipun Soni), Exhibit 15 (Declaration of Benson Thomander), and Exhibit 16 (Declaration of Timothy Vance); the following additional exhibits attached to the Hile Dec. II, constituting select pages of witness deposition testimony, which witnesses' testimony has also previously been the subject of motions to seal by PwC: Exhibit 17 (a copy of select pages of the deposition of Plaintiff Jason Campbell), Exhibit 18 (a copy of select pages of the deposition of Thomas Erginsoy), Exhibit 19 (a copy of select pages of the deposition of PwC 30(b)(6) witness Kathleen Harada), and Exhibit 20 (a copy of select pages of the deposition of Plaintiff Sarah Sobek); and Exhibit 6 (declaration of Kathleen Harada in Support of PwC's Opposition to Plaintiffs' Motion for Summary Judgment on Breach of Legal Duty ("Harada Dec.").

////

**C. Document 345, Plaintiffs' Reply in Support of Motion for Summary Judgment on Breach of Legal Duty**

The court tentatively concludes that sealing is appropriate for the following:

* Plaintiffs' Reply to defendant's opposition to Plaintiffs' Motion for Summary Judgment on Breach of Legal Duty, at page 2, lines 19-24 (fn. 2); page 9, lines 14-16;
* Plaintiffs' Objections to defendant's response to statement of undisputed material facts in support of motion for summary judgment on breach of legal duty, at UF 17.
* Plaintiffs' Response to defendant's objections to evidence submitted in support of plaintiff's motion for summary judgment on breach of legal duty, at page 1, lines 19-20; page 6, lines 22-25, 27-28; page 7, lines 1-4, 17-13, 26-28 (fn. 3); page 10, lines 27-28; page 11, line 1;
* Plaintiffs' Response to defendant's statement of additional material facts precluding summary judgment on breach of legal duty, AFs 1, 2, and 22 to 28.

### III. CONCLUSION

The parties MAY file explanations as to why the court should deviate from the proposed partial grant and denial of the above motions to seal (Doc. Nos. 291, 301, 345) within ten days from the filing of this order. This ten day period is not subject to the court's separate order continuing various dates in the above-captioned action.

////

7

1     IT IS SO ORDERED.
2     DATED:   March 27, 2009.



                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

8