UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON CAMPBELL and
SARAH SOBEK, individually,
and on behalf of all other
similarly situated current
and former employees of
PricewaterhouseCoopers, LLP,,

                  NO. CIV. S-06-2376 LKK/GGH

    Plaintiffs,

  v.

PRICEWATERHOUSECOOPERS, LLP,      **O R D E R**
a Limited Liability Partnership;,
and DOES 1-100, inclusive,

    Defendant.
                             /

    Pending before the court are four motions: ECF Nos. 255, 258, 394 and 402. Two motions for summary judgment, ECF Nos. 255 and 258, were filed on October 27, 2008. The first is a Motion for Summary Judgment filed by plaintiffs on defendant's alleged breach of legal duty under California Labor Code Sections 510, 1194, 226.7, 512, 226, 203, and 218.6. The second is a Motion for Summary Judgment filed by defendant on the claims asserted by plaintiff Jason Campbell. On March 11, 2009, the court issued an order

1

granting a separate summary judgment motion filed by plaintiffs, and granting in part a summary judgment motion filed by defendants. In the March 11 order, the court held that the plaintiff class members are non-exempt employees. The court certified that matter for interlocutory appeal. ECF No. 390. Plaintiffs filed a Motion for Reconsideration of other portions of the March 11, 2009 order. ECF No. 402. Defendants appealed the court's holding that the members of the plaintiff class are non-exempt employees to the Ninth Circuit.

On March 27, 2009, this court issued an order stating that the Ninth Circuit decision on the appeal "may heavily impact the remainder of this case," and the court vacated the hearing on the two summary judgment motions filed on October 27, 2008, as well as on the motion for reconsideration. ECF No. 425.

On June 15, 2011, the Ninth Circuit issued an opinion reversing and remanding this court's holding that the plaintiff class members are non-exempt. ECF No. 481. The Ninth Circuit issued its mandate on August 5, 2011.

It is unclear to the court whether the Ninth Circuit's opinion affects the two pending motions for summary judgment, and the motion for reconsideration. The court determines that these motions, as presented, are moot and are DENIED. If either party believes that the motions are not moot, it may re-notice the motions for hearing.

Additionally, defendant has filed a motion to seal its Objections to Evidence Submitted in Support of Plaintiffs'

1 Opposition to Motion to Decertify Class. ECF No. 394. When a party
2 seeks to seal a document that is part of the judicial record, it
3 must show "compelling reasons" for doing so. <u>Pintos v. Pac.
4 Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010). <u>See also</u>
5 <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1178 (9th
6 Cir. 2006); <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122,
7 1135 (9th Cir. 2003). "A party seeking to seal judicial records
8 must show that 'compelling reasons supported by specific factual
9 findings . . . outweigh the general history of access and the
10 public policies favoring disclosure.'" <u>Pintos</u>, <u>id</u>. (quoting
11 <u>Kamakana</u>, 447 F.3d at 1178).

12     For the foregoing reasons, the Court tentatively GRANTS
13 plaintiffs' motion. Plaintiff is cautioned, however, that this
14 sealing is tentative. <u>Kamakana</u>, 447 F.3d at 1186. The court will
15 revisit whether these documents should be permanently sealed at a
16 later time, when it is possible to perform the fact specific
17 analysis required by <u>Foltz</u>.

18     Accordingly, the court ORDERS as follows:

19     [1] The following motions are DENIED as MOOT: ECF Nos.
20     255, 258, and 402. If either party wishes, it may re-
21     notice the motions for hearing.

22     [2] Defendant's Motion to Seal, ECF No. 394 is GRANTED.
23     The filing shall be tentatively SEALED.

24     IT IS SO ORDERED.

25     DATED: September 29, 2011.

26

3

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT