UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON CAMPBELL and
SARAH SOBEK, individually,
and on behalf of all other
similarly situated current
and former employees of
PricewaterhouseCoopers, LLP,,

                NO. CIV. S-06-2376 LKK/GGH

    Plaintiffs,

  v.

PRICEWATERHOUSECOOPERS, LLP,        **O R D E R**
a Limited Liability Partnership;,
and DOES 1-100, inclusive,

    Defendant.
_____/

    On March 12, 2012, defendants filed a 25-page reply brief in support of their motion to decertify the class. (Dkt. No. 529.) However, this court's Status (Pretrial Scheduling) Conference Order of January 25, 2007, provides that "**reply memoranda are limited to fifteen (15) pages.**" (Dkt. No. 26 (emphasis in text)). Defendants have now filed a "Notice of New Authority" which includes yet another brief, although only 2-pages in length. (Dkt. No. 539.)
////

1

1    Plaintiffs object to both briefs.  (Dkt. Nos. 533 & 540.)
2 Plaintiffs represent that no permission was granted to permit the
3 additional 10 pages of reply briefing.  Defendants do not contest
4 this representation.  Instead, they have filed a two-page letter
5 setting forth their theory about why –  considering the page
6 extensions that were granted for other briefs, page extensions
7 granted in another case, plaintiffs' request to file a sur-reply,
8 and the application of certain mathematical principles – they
9 believed that they were authorized to file a 25-page reply brief.
10 (Dkt. No. 535.)
11    This court's scheduling order, together with the Local Rules
12 of the Eastern District of California, do not contemplate the
13 filing of oversized briefs, nor the filing of briefs after the
14 reply brief has been filed (whether it is called a notice, sur-
15 reply, supplement or otherwise).  In order to file such a brief,
16 a party must first be granted leave of court, which defendants have
17 not sought or received.  Prior extensions of page lengths have been
18 granted by the court, whether through written stipulation (see Dkt.
19 Nos. 46 & 285), or otherwise.  Defendants are aware of this
20 practice, as they have been parties to these stipulations and
21 agreements in the past.
22    In this case, there was no written or other stipulation to
23 permit defendants to file an over-sized reply brief, or to file a
24 brief accompanying their Notice of Authority.  Both of defendants'
25 filings, made without leave of court, were therefore done in
26 ////

1  violation of this court's express, written order,[1] and in apparent
2  defiance (or at best, casual disregard) of the briefing process
3  contemplated by Local Rule 230.
4      Plaintiffs have requested that the court respond to
5  defendants' conduct by ordering defendants to withdraw both
6  unauthorized briefs, and file a single, 15-page (maximum) reply
7  brief, or to grant plaintiffs an opportunity to file a sur-reply.
8      The court therefore orders as follows:
9  1.  The Clerk of the Court is directed to strike defendants'
10     Notice of New Authority (Dkt. 539); and
11 2.  Plaintiffs may file a sur-reply in opposition to
12     defendants' de-certification motion no later than
13     fourteen (14) days from the date of this order. The
14     sur-reply shall be no longer than twenty-five (25) pages
15     in length.
16 IT IS SO ORDERED.
17 DATED: April 9, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] However, as to the reply brief, defendants assert that they filed the over-sized brief in the good-faith belief that they were authorized to do so, and the court takes them at their word, even though they were mistaken.

3