UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON CAMPBELL and
SARAH SOBEK, individually,
and on behalf of all other
similarly situated current
and former employees of
PricewaterhouseCoopers, LLP,,

                NO. CIV. S-06-2376 LKK/GGH

    Plaintiffs,

  v.

PRICEWATERHOUSECOOPERS, LLP,        **O R D E R**
a Limited Liability Partnership;,
and DOES 1-100, inclusive,

    Defendant.
_____/

    On December 5, 2012, this court set a Scheduling Conference in this matter for February 4, 2013, with Status Reports due on January 18, 2013. On January 18, 2013, defendant for the first time advised the court that six weeks before, it had filed papers at the Court of Appeals on December 7, 2012, seeking interlocutory appeal of the November 29, 2012 order of this court denying defendant's motion to decertify the class. Defendant now seeks to postpone the February 4, 2013 Scheduling Conference based upon its

1

December 7, 2012 filing.[1]

    As a separate ground for postponing the Scheduling Conference, defendant says that its attorney, Daniel J. Thomasch, Esq., is not available on February 4, 2013. Defendant does not assert that Lauren J. Elliot, Esq., Julian W. Poon, Esq., Alexander K. Mircheff, Esq., Norman C. Hile, Esq., Julie A. Totten, Esq., David A. Prahl, Esq., and/or Michel L. Maryott, Esq., who are also attorneys for defendant, could not conduct the Scheduling Conference, presumably in coordination with Mr. Thomasch, who is lead counsel.[2]

    The court concludes that defendant has not established cause for postponing the Scheduling Conference. Accordingly, defendant's <u>ex parte</u> application (ECF No. 560), is **DENIED**.

    IT IS SO ORDERED.

    DATED: January 23, 2013.

                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

---

[1] Defendant advises the court that the appellate filing was made pursuant to Fed. R. Civ. P. 23(f). The court assumes, without deciding, that defendant was not required to notify this court of its request for leave to appeal, however sensible it would have been to do so. Given that the appellate filing is the basis for the relief defendant seeks, it would have been the better practice for defendant to let this court know about the filing around the time it was made.

[2] It would have been the better practice, in any event, to let the court know about this conflict around the time the court's order issued scheduling the conference.