UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAMPBELL and SARAH SOBEK, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS, LLP, a Limited Liability Partnership,<br><br>Defendant. | No. 06-CV-02376-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiffs Jason Campbell and Sarah Sobek's, individually, and on behalf of all other similarly situated class members (collectively referred to as "Plaintiffs") Motion to Exclude testimony of Defendants' Experts Ruben A. Davila ("Davila") and Sandra Johnigan ("Johnigan"). (*See* ECF No. 609.) The Court held a hearing on this matter on October 17, 2014, and took this matter under submission. (*See* Am. Min., ECF No. 624.)

At the hearing, the Court indicated that both Davila and Johnigan qualified as experts and that the Court was inclined to allow their testimony. The Court took the matter under submission to determine whether using terms such as "accounting professionals" in regard to the class of unlicensed individuals referred to as Attest Associates is likely to be confusing to the jury.

The main issue in this case is whether the class members who are not licensed accountants

1

fall under two state regulatory exemptions from mandatory overtime: the "Professional Exemption" and the "Administrative Exemption." *See* Cal. Lab. Code § 515. Plaintiffs argue that allowing Davila and Johnigan to refer to or label unlicensed Attest Associates as "professionals" is confusing and misleading and intended to suggest or imply that unlicensed Attest Associates are exempt professionals.

Under the relevant code, a person meeting the "Professional Exemption" is defined as follows:

> A person employed in a professional capacity means any employee who meets all of the following requirements:
>
> (a) Who is licensed or certified by the State of California and is primarily engaged in the practice of one of the following recognized professions: law, medicine, dentistry, optometry, architecture, engineering, teaching, or accounting; or
>
> (b) Who is primarily engaged in an occupation commonly recognized as a learned or artistic profession. . . .

Cal. Code Regs. Titl 8, §11010(1)(A)(3). Thus, the term professional has significant legal significance in this matter. The Court is inclined to agree that expert testimony employing the term professional in this situation could cause confusion and impermissibly suggest a legal conclusion. As such, both parties are hereby ordered to curtail any expert testimony appropriately. In conclusion, Plaintiffs' Motion to Exclude Testimony of Defendants' Experts, Davila and Johnigan (ECF No. 609) is DENIED, and both parties are hereby precluded from offering testimony referring to class members or similarly situated individuals as professionals.

IT IS SO ORDERED.

Dated: October 24, 2014

_____
Troy L. Nunley
United States District Judge