UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAMPBELL and SARAH SOBEK, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | CASE NO. 2:06-CV-02376 TLN/AC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came for hearing on January 29, 2015, upon Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement on the terms set forth in the Settlement Agreement and Release. The purpose of the hearing was to determine, among other things, whether the proposed Settlement Agreement and Release was within the range of possible approval and whether to proceed with Notice to the Class of its terms and conditions, and the scheduling of a formal fairness hearing, also known as a final approval hearing. The Court having considered the Settlement Agreement and Release, all papers and proceedings held herein, having reviewed the record in this action, *Campbell et al. v. PricewaterhouseCoopers LLP*, Case No. 2:06-CV-02376 TLN/AC, (the "Action"), and good cause appearing, finds that:

WHEREAS, this Action was commenced in the United States District Court, Eastern District of

1  California on October 27, 2006; and

2  WHEREAS, by Order dated March 25, 2008, the Court provisionally certified the class, which
3  has been defined during the litigation as all persons employed by PricewaterhouseCoopers LLP
4  ("PwC" or "Defendant") in California who, at any time during the period of October 27, 2002 to July
5  23, 2008 (a) worked as associates in the Attest Division of PwC's Assurance Line of Service, (b) were
6  not licensed as certified public accountants by the State of California for some or all of the period they
7  worked in this position, and (c) were classified as exempt employees while working in this position;
8  and

9  WHEREAS, Kershaw Cutter & Ratinoff LLP was previously appointed as Class Counsel for
10 the litigation class and Plaintiffs Jason Campbell and Sarah Sobek were previously appointed as Class
11 Representatives; and

12 WHEREAS, during the eight years the Action has been pending, the parties have engaged in
13 fact and expert discovery, motion practice, litigation in this Court and in the Ninth Circuit, and were
14 preparing for trial scheduled to commence on March 30, 2015; and

15 WHEREAS, the Parties have engaged in Court-ordered mediation before Magistrate Judge
16 Kendall J. Newman, which process resulted in the Settlement Agreement and Release; and

17 WHEREAS, a resolution to this Action was reached following a mediator's proposal by
18 Magistrate Judge Newman; and

19 WHEREAS, Plaintiffs believe that this case is meritorious and that class certification was and
20 continues to be appropriate; and

21 WHEREAS, Defendant denies any liability and wrongdoing of any kind associated with the
22 claims alleged in this Action, and continues to deny that this Action is appropriate for class treatment
23 for any purpose other than this Settlement; and

24 WHEREAS, Defendant contends, among other things, that it has complied at all times with the
25 California Labor Code, Fair Labor Standards Act, Industrial Welfare Commission Wage Order No. 4-
26 2001, and the California Business and Professions Code §§ 17200, *et seq*. and specifically contends that
27 classification of any Attest Associate as an exempt employee was and continues to be a correct
28 classification under the California Labor Code and the Fair Labor Standards Act; and

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
- 1 -                                    CASE NO. 06-CV-02376 TLN/AC

WHEREAS, PwC is not reclassifying its Attest Associates as non-exempt as a condition of the Settlement Agreement and Release, or otherwise; and

WHEREAS, Class Counsel has conducted a thorough investigation into the facts of this Action, is knowledgeable about and has done extensive research with respect to the applicable law and the defenses asserted by Defendant to the claims of the Class and has diligently litigated the Class Members' claims against Defendant, and therefore Class Counsel has an appropriate basis to evaluate the value of this Settlement; and

WHEREAS, based on its investigation of the facts of the Action, research, experience, and familiarity with the record of the Action, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in the Settlement Agreement and Release is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with litigation, the defenses asserted by Defendant, the governing law and numerous potential appellate issues; and

WHEREAS, the Parties desire to compromise and fully settle their claims with finality and agree to the Settlement of this Action, and entered into the Settlement Agreement and Release on January 14, 2015, setting forth the terms of the Settlement in this Action,

NOW, therefore, the Court grants Preliminary Approval of the Settlement, and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. To the extent defined in the Settlement Agreement and Release and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this Action, the Named Plaintiffs, the Class, and PwC.

3. The Court hereby grants Preliminary Approval of the terms and conditions contained in the Settlement Agreement and Release.  The Court preliminarily finds that the terms of the Settlement Agreement and Release appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23(e) and applicable law.

4. It appears to the Court on a preliminary basis that:  (1) the Settlement Agreement and Release is fair and reasonable to the Class Members when balanced against the possible outcome of

further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) Settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement Agreement and Release has been reached as the result of intensive, serious and non-collusive negotiations between the Parties.  Accordingly, the Court preliminarily finds that the Settlement Agreement and Release was entered into in good faith.

5. The class, for purposes of the proposed Settlement only and with no other effect on this litigation or any other proceeding, including if the Settlement Agreement and Release ultimately is not approved or final judgment is not entered, is appropriate under Federal Rule of Civil Procedure 23 and related case law and is defined as follows:

> All individuals employed by Defendant in California: (a) who worked as an Associate in the Attest Division of Defendant's Assurance Line of Service at any time during the period October 27, 2002 to July 23, 2008; (b) who were not licensed as certified public accountants by the State of California for some or all of the time they worked in this position during that period; (c) who were classified as exempt employees while working in this position during that period; (d) who were sent a class notice on or about July 23, 2008 notifying them that they are members of the certified class in this Action; and (e) who did not validly or timely exclude themselves from the Action following dissemination of the July 2008 class notice.

6. Plaintiffs Jason Campbell and Sarah Sobek are hereby appointed as Class Representatives, and William A. Kershaw, Lyle W. Cook and Stuart C. Talley from the firm Kershaw, Cutter & Ratinoff LLP and James P. Ulwick and Jean E. Lewis, from the firm Kramon & Graham, P.A. are hereby appointed as Settlement Class Counsel.

7. The Court hereby authorizes the retention of Heffler Claims Group as Settlement Administrator for the purpose of implementing certain provisions of the Settlement Agreement and Release.

8. The Court hereby approves the Notice to Class Members of Proposed Settlement of Class Action and Notice to Class Members of Proposed Settlement of Class Action to *Le/Kress* Opt-In FLSA Attest Associate Plaintiffs, attached to the Settlement Agreement and Release as Exhibits A-D. The Court finds that the Notice Packet, along with the related notification procedure contemplated by the Settlement Agreement and Release, constitutes the best notice practicable under the circumstances

and is in full compliance with the applicable laws and the requirements of due process.  The Court further finds that the Notice Packet appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement Agreement and Release, of the Class Members' right to be excluded from the Settlement, and of each Class Member's right and opportunity to object to the Settlement.  Under the terms of the Settlement Agreement and Release, the Notice Packet shall be mailed via first class mail to the last known address of each Class Member within the timeframe specified in the Settlement Agreement and Release.

9. The Court hereby approves the proposed procedure for Class Member exclusion from the Settlement, which is to submit an Exclusion Letter to the Settlement Administrator no later than the Objection/Exclusion Deadline identified in the Notice Packet (or for re-mailed Notice Packets, no later than 30 days from the postmark of the re-mailed Notice Packet).  Any Class Member who submits a valid and timely request for exclusion shall not be a Settlement Class Member and shall not be bound by the Settlement.  Such Opt Outs shall be barred from participating in the Settlement, shall be barred from objecting to the Settlement and appearing or being heard before the Court at the Final Approval hearing, and shall receive no benefit from the Settlement.

10. The Court further orders that each Class Member who does not properly and timely submit an Exclusion Letter shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate in the Final Approval hearing, which the Court sets to commence on May 7, 2015, at 1:30 p.m. in Courtroom 2 of the United States District Court, Eastern District of California.  Any Class Member seeking to object to the proposed Settlement shall file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline in the Notice Packet (or for re-mailed Notice Packets, no later than 30 days from the postmark of the re-mailed Notice Packet).   In addition, any attorney who intends to represent a Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties no later than the Objection/Exclusion Deadline in the Notice Packet (or for re-mailed Notice Packets, no later than 30 days from the postmark of the re-mailed Notice Packet).  Any Class Member who fails to properly and timely file and serve these materials shall be foreclosed from objecting to the proposed Settlement, unless otherwise ordered

by the Court.

11. The Court further orders that Class Counsel shall file motions for approval of the Fee Award, Expense Award and the Class Representative Service Award, with the appropriate declarations and supporting evidence, by February 25, 2015, to be heard at the same time as the motion for Final Approval of the Settlement.

12. The Court further orders that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Settlement, by April 10, 2015.

13. The Court further orders that, pending further order of this Court, all proceedings in this Action except those contemplated herein and in the Settlement Agreement and Release are stayed.

14. The Court further orders that to facilitate administration of this Settlement, all Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such Class Members have submitted valid and timely Exclusion Letters with the Settlement Administrator.

15. If the Court grants Final Approval of the Settlement and enters judgment, Settlement Class Members and their successors shall conclusively be deemed to have given a release, as set forth in the Settlement Agreement and Release and Notice Packet, against the Released Parties, and all Settlement Class Members and their successors shall be permanently enjoined and forever barred from asserting any claim covered by the Class Released Claims.

16. If for any reason the Court does not execute and file a Final Approval Order and Judgment of Dismissal, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

17. Upon entry of this Order, the Parties shall proceed toward a hearing on final approval, consistent with the deadlines set forth in the Settlement Agreement and Release.

18. The Court, on its own initiative or pursuant to stipulation or motion practice, may extend

///

///

1  any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without 2 further notice to the Class.

**IT IS SO ORDERED.**

Dated:  January 30, 2015

_____
Troy L. Nunley
United States District Judge