WILLIAM A. KERSHAW, (SBN 057486)
LYLE W. COOK (SBN 148914)
STUART C. TALLEY (SBN 180374)
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

JAMES P. ULWICK (Admitted *Pro Hac Vice*)
JEAN E. LEWIS (SBN 148717)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
Telephone:  (410) 752-6030
Facsimile:  (410) 539-1269

*Attorneys for Plaintiffs*

NORMAN C. HILE, SBN 57299
JULIE A. TOTTEN, SBN166470
ANDREA L. BROWN, SBN 237629
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900

*Attorneys for Defendant*
PRICEWATERHOUSECOOPERS LLP

DANIEL J. THOMASCH
(Admitted *Pro Hac Vice*)
LAUREN J. ELLIOT
(Admitted Pro Hac Vice)
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

JULIAN W. POON, SBN 219843
ALEXANDER K. MIRCHEFF, SBN 245074
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (2l3) 229-7000
Facsimile: (2l3) 229-7520

MICHELE L. MARYOTT, SBN 191993
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

*Attorneys for Defendant*
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAMPBELL and SARAH SOBEK, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP, <br><br> Plaintiffs, <br><br> vs. <br><br> PRICEWATERHOUSECOOPERS, LLP, a Limited Liability Partnership, <br><br> Defendant. | Case No.: 06-CV-02376-TLN-AC <br><br> **STIPULATION AND ORDER RE: ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE** <br><br> Courtroom 2, 15th Floor <br> Assigned to Judge Troy L. Nunley |

1    Plaintiffs   Jason   Campbell   and   Sarah   Sobek   ("Plaintiffs")   and   Defendant

2  PricewaterhouseCoopers LLP ("PwC" or "Defendant") hereby stipulate to the following:

3    WHEREAS, on January 14, 2015, the Parties entered into the Settlement Agreement and

4  Release in the above-referenced action, which received Preliminary Approval by the Court by

5  Order dated January 30, 2015 ("Settlement Agreement and Release");

6    WHEREAS, Plaintiffs have requested an amendment of the Settlement Agreement and

7  Release in order to ensure that each Settlement Class Member will be entitled to receive a

8  minimum settlement payment of $100 from the Gross Settlement Payment;

9    WHEREAS, any funds necessary to make such payments would be withheld from the Fee

10  Award authorized by the Court to be paid to Class Counsel by the Settlement Administrator from

11  the Gross Settlement Payment;

12    WHEREAS, the Parties desire to amend the Settlement Agreement and Release, subject to

13  the Court's supervision and approval, under the terms and conditions set forth in the Addendum

14  to Settlement Agreement and Release ("Addendum"), attached hereto as Exhibit 1; and

15    WHEREAS, the Notice to Class Members of Proposed Settlement of Class Action and the

16  Notice to Overlapping Class Members of Proposed Settlement of Class Action, previously

17  approved by the Court, have been revised in accordance with the Addendum, copies of which are

18  Exhibits A and B to the Addendum.

19    IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendant,

20  through their respective undersigned counsel, that:

21    1.    The Court approves the terms and conditions of the Addendum to the Settlement

22      Agreement and Release (Exhibit 1), including the revised Notice to Class

23      Members of Proposed Settlement of Class Action and Notice to Overlapping Class

24      Members of Proposed Settlement of Class Action, attached thereto as Exhibits A

25      and B.

26    2.    The Settlement Agreement and Release, which the Court previously and

27      preliminarily approved on January 30, 2015, is hereby amended by the Addendum.

28  / / /

-1-

STIPULATION RE: ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

1       3.      Except as modified by the Addendum, the terms and conditions of the Settlement

2    Agreement and Release are not changed.

3

4   Dated:  February 5, 2015           KERSHAW, CUTTER, & RATINOFF, LLP

5

6                     By:   */s/ William A. Kershaw*
                             William A. Kershaw

7                            *Attorneys for Plaintiffs*

8   Dated: February 5, 2015           DANIEL J. THOMASCH

9                         LAUREN J. ELLIOT
                         MICHELE MARYOTT

10                       JULIAN POON
                       Gibson, Dunn & Crutcher LLP

11

12                     NORMAN C. HILE
                      JULIE A. TOTTEN

13                     ANDREA L. BROWN
                     Orrick, Herrington & Sutcliffe LLP

14

15                   By:   */s/ Daniel J. Thomasch*

16                        DANIEL J. THOMASCH
                     Attorneys for Defendant

17                     PRICEWATERHOUSECOOPERS LLP

18

19   **IT IS SO ORDERED.**

20

21   Dated:  February 9, 2015

22

23

24                           Troy L. Nunley

25                           United States District Judge

26

27

28

STIPULATION RE: ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

# EXHIBIT 1

*Campbell et al. v. PricewaterhouseCoopers LLP,*
UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF CALIFORNIA

Case No. 2:06-CV-02376-TLN-AC

## ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

This Addendum to the Settlement Agreement and Release ("Addendum") is made and entered into, and shall be effective, as of the 5th day of February, by and between Plaintiffs Jason Campbell and Sarah Sobek, individually and on behalf of the Class Members (collectively "Plaintiffs"), and Defendant PricewaterhouseCoopers LLP ("PwC" or "Defendant"), and their respective counsel of record, subject to the terms and conditions hereof and the Court's approval.

WHEREAS, on January 14, 2015, the Parties entered into the Settlement Agreement and Release in the above-referenced action, which received Preliminary Approval by the Court by Order dated January 30, 2015;

WHEREAS, Plaintiffs have requested an alteration of the Settlement Agreement and Release in order to ensure that each Settlement Class Member will be entitled to a minimum amount of $100 out of the Gross Settlement Payment with the funds necessary to make the minimum payments being withheld from the Fee Award authorized by the Court to be paid by the Settlement Administrator to Class Counsel from the Gross Settlement Payment;

WHEREAS, the Parties desire to amend the Settlement Agreement and Release, subject to Court Approval, under the following terms and conditions, the undersigned agree as follows:

1.     To the extent defined in the Settlement Agreement and Release, the terms in this Addendum shall have the meanings set forth in the Settlement Agreement and Release.

2.     "Minimum Settlement Payment" shall mean the minimum amount of $100 that each Settlement Class Member will be entitled to under this Settlement Agreement and Release, subject to Tax Withholdings. To the extent the final Individual Settlement Payment for any Settlement Class Member is less than $100, funds will be withheld from the Fee Award authorized by the Court to be paid by the Settlement Administrator to Class Counsel in order to make the minimum payments authorized by this Addendum.

3.     The Notice to Class Members of Proposed Settlement of Class Action and the Notice to Overlapping Class Members of Proposed Settlement of Class Action, previously approved by the Court, have been revised in accordance with this Addendum, copies of which are attached hereto as Exhibits A and B respectively. The Objection/Exclusion Deadline set forth in these Notices will be March 16, 2015.

4.     "Notice Packet" is hereby redefined to mean either Exhibit A or Exhibit B.

5.     "Settlement" is hereby redefined to mean the terms and conditions set forth in the Settlement Agreement and Release as modified by this Addendum.

6.      Paragraph 64 of the Settlement Agreement and Release is hereby amended to state in its entirety as follows:

## Determination of Approximate Settlement Award for Notice Packets

64.      As set forth below in paragraph 75, each Class Member will receive a Notice Packet that will set forth the Individual Hours Over Standard, the Individual Work Weeks and an Approximate Settlement Award for that Class Member. The Approximate Settlement Award will be the sum of the following: (i) 70% of the Estimated Net Settlement Proceeds multiplied by the Class Member Hours Percentage Share; and (ii) 30% of the Estimated Net Settlement Proceeds multiplied by the Class Member Work Week Percentage Share. Because under this Addendum no Settlement Class Member will receive less than a $100 share of the Gross Settlement Payment, to the extent the calculation of the Approximate Settlement Award results in an amount less than $100, the Approximate Settlement Award for that Class Member will be increased to $100. The Approximate Settlement Award is an approximate because it relies on, inter alia, the following assumptions, which if not accurate, would alter the award: (a) Class Counsel's application for the Expense Award and Fee Award, and Plaintiffs' application for the Class Representative Service Award, will be approved in the amounts requested, and the estimate of Plaintiffs' Administrative Costs is accurate; (b) no Class Member will properly submit an Exclusion Letter by the Objection/Exclusion Deadline in the Notice Packet; and (c) no Settlement Class Member will successfully dispute the Individual Hours Over Standard and/or Individual Work Weeks shown in his or her Notice Packet.

7.      Paragraph 68 of the Settlement Agreement and Release is hereby amended to state in its entirety as follows:

## Determination of Individual Settlement Payments

68.      The Net Settlement Proceeds will be reduced by any Opt Out Funds that are used to pay Defendant's Administrative Costs and increased by any interest generated by the Gross Settlement Payment while being held by the Settlement Administrator until Final Approval to create the Final Settlement Pool. The final Individual Settlement Payment for each Settlement Class Member will be the sum of the following (i) the Settlement Class Members Hours Percentage Share multiplied against 70% of the Final Settlement Pool; and (ii) the Settlement Class Member Work Week Percentage Share multiplied against 30% of the Final Settlement Pool. To the extent the final Individual Settlement Payment for a Settlement Class Member is less than $100, funds will be withheld by the Settlement Administrator from the Fee Award authorized by the Court to be paid to Class Counsel to increase that amount to the Minimum Settlement Payment.

8.      Paragraph 69 of the Settlement Agreement and Release is hereby amended to state in its entirety as follows:

2

**Tax Withholdings from Individual Settlement Payment or Minimum Settlement Payment**

       69.    The Settlement Administrator will withhold from each Settlement Class Member's Individual Settlement Payment or Minimum Settlement Payment all applicable payroll and employment taxes, but not federal, state, and local income taxes for each Settlement Class Member, and deposit the same with the applicable governmental authorities in accordance with this Settlement Agreement and Release. The Individual Settlement Payments and Minimum Settlement Payments will be allocated for tax purposes as follows: 60% to settlement of wage claims, which will be subject to required Tax Withholdings; and 40% to settlement of claims for interest, which will be paid without withholding any amount. The portion allocated to wages shall be reported on an IRS Form W-2, and the portion allocated to interest shall be reported on an IRS Form 1099.

       9.    Paragraphs 72 and 75 of the Settlement Agreement and Release are hereby amended to state in their entirety as follows:

**C. Procedure for Preliminary Approval, Payment, Notice, Objections & Exclusions**

       72.    Within ten (10) calendar days of the filing of motion for preliminary approval, the Settlement Administrator shall serve upon the appropriate State official of each State in which a Settlement Class Member resides and the appropriate Federal official, a notice of the proposed Settlement consistent with the requirements of 28 U.S.C. § 1715. Within ten (10) calendar days of the filing of this Addendum, the Settlement Administrator shall serve upon the same State and Federal officials, a notice of this Addendum consistent with the requirements of 28 U.S.C. § 1715.

       75.    By February 13, 2015, the Settlement Administrator shall send the Notice Packet via first class mail to all Class Members. Prior to the initial mailing, the Settlement Administrator will check the addresses provided by Defendant against addresses maintained by Class Counsel and through the National Change of Address System. The Notice Packet shall set forth the Individual Hours Over Standard and the Individual Work Weeks for each Class Member during the Class Period agreed upon by the Parties for purposes of this Settlement and set forth on the Class Member List, and the Approximate Settlement Award for that Class Member. For each Class member, the Approximate Settlement Award will be the sum of the following: (i) 70% of the Estimated Net Settlement Proceeds multiplied by the Class Member Hours Percentage Share; and (ii) 30% of the Estimated Net Settlement Proceeds (assuming for purposes of this calculation that Plaintiffs' application for the Expense Award, Fee Award, and Class Representative Service Award requested will be approved in the amounts requested and the estimate of Plaintiffs' Administrative Costs is accurate) multiplied by the Class Member Work Week Percentage Share. Because under this Addendum no Settlement Class Member will receive less than a $100 share of the Gross Settlement Payment, to the extent this calculation of the Approximate Settlement Award results in an amount less than $100, the Approximate Settlement Award for any such Class Member will be stated in the Notice Packet as the Minimum Settlement Payment of $100.

10.     Paragraph 88 of the Settlement Agreement and Release is hereby amended to state in its entirety as follows:

**F.  Payment Process**

88.  For each Settlement Class Member, the Settlement Administrator will determine the Settlement Class Member Hours Percentage Share, which will equal the Settlement Class Member's Individual Hours Over Standard divided by the Total Settlement Class Member Hours Over Standard.  The Settlement Administrator will also determine the Settlement Class Member Work Weeks Percentage Share, which will equal each Settlement Class Member's Individual Work Weeks divided by the Total Settlement Class Member Work Weeks.  Following the methodology set forth in the Settlement Agreement and Release, paragraphs 62-70, the Settlement Administrator will determine the Individual Settlement Payment or Minimum Settlement Payment for each Settlement Class Member.  Within three days of Final Approval, and prior to the distribution of the Fee Award to Class Counsel from the Gross Settlement Payment, the Settlement Administrator will determine the total additional funds that will be necessary to increase all Individual Settlement Payments that are less than $100 to the Minimum Settlement Payment and will inform Class Counsel and Defendant's Counsel of that total amount.  The Settlement Administrator will withhold from its payment of the Fee Award to Class Counsel from the Gross Settlement Payment these additional funds that are necessary to make the Minimum Settlement Payments.  The Settlement Administrator will withhold from each Settlement Class Member's Individual Settlement Payment or Minimum Settlement Payment all applicable payroll and employment taxes as set forth in paragraph 69.

11.     In order to effectuate this Addendum, certain additional Administrative Costs (estimated at approximately $3,150) will be required, including the cost of sending a notice of this Addendum consistent with the requirements of 28 U.S.C. § 1715.  Accordingly, the $40,000 cap on Administrative Costs set forth in paragraph 63(d) of the Settlement Agreement and Release shall be increased to $43,150.  The Administrative Costs necessary to effectuate this Addendum shall be deducted by the Settlement Administrator from the Fee Award authorized by the Court to be paid to Class Counsel.  Notwithstanding anything to the contrary in the Settlement Agreement and Release, Defendant's Administrative Costs shall not exceed $20,000.  The Settlement Administrator will therefore withhold from its payment of the Fee Award to Class Counsel the Administrative Costs necessary to effectuate this Addendum as well as the funds necessary to make the Minimum Settlement Payments as set forth in paragraph 10 of this Addendum.

12.     Except as set forth in this Addendum, the Settlement Agreement and Release shall remain in full force and effect.

13.     This Addendum may be executed in counterparts, and when counsel for the Parties has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Addendum, which shall be binding upon and effective as to all Parties.

4

CLASS COUNSEL:

BY _____
KERSHAW CUTLER & RATINOFF

BY _____
KRAMON & GRAHAM

DEFENDANT'S COUNSEL:

BY _____
GIBSON, DUNN & CRUTCHER LLP

BY _____
ORRICK, HERRINGTON & SUTCLIFFE LLP

5

# EXHIBIT A

Class Member ID: [refid]

*Campbell et al. v. PricewaterhouseCoopers LLP,*
UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF CALIFORNIA
Case No. 2:06-CV-02376-TLN-AC

## Notice to Class Members of Proposed Settlement of Class Action

**To:**  All persons employed by PricewaterhouseCoopers LLP ("PwC") in California (a) who, at any time during the period October 27, 2002 to July 23, 2008 worked as Associates in the Attest Division of PwC's Assurance Line of Service, (b) who were not licensed as certified public accountants by the State of California for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent a class notice on or about July 23, 2008 notifying them that they are members of the certified class in this Action, and (e) who did not validly or timely exclude themselves from this action following dissemination of the July 2008 class notice.

Your rights may be affected by the proposed Settlement discussed in this court-authorized Notice.  This Notice is to inform you of the proposed Settlement of this matter, including: the nature of the claims at issue, your right to participate in or exclude yourself from the Settlement, and the effect of exercising your various options.  You are not being sued.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | By doing nothing, you will participate in the Settlement, and, if the Settlement receives Final Approval from the Court, you will receive a payment in the approximate amount of [$amount] and be bound by the terms of the Settlement Agreement and Release (*see* paragraphs 6-10 below). |
| **EXCLUDE YOURSELF** | If you do not want to participate in the Settlement, you must write to the Settlement Administrator according to the instructions contained in this Notice; by so doing you will not be provided with a payment or be bound by the Settlement (*see* paragraphs 12-13 below). |
| **OBJECT** | You may file an objection with the Court and serve it on all Parties according to the instructions contained in this Notice if you are not satisfied with the Settlement, but you cannot do so if you exclude yourself from the Settlement (*see* paragraph 14 below). |
| **GO TO A HEARING** | If you object, you may also write and seek permission to speak in Court about the fairness of the Settlement according to the instructions contained in this Notice (*see* paragraphs 15-16 below). |

Your legal rights and options—and the deadlines to exercise them—are explained in this Notice.  Your legal rights may be affected whether you act or do not act.  Please read this Notice carefully.

**If you have any questions, contact Heffler Claims Group toll free at 1-844-274-4785.**

## 1.    Why did I receive this Notice?

You were previously notified on or about July 23, 2008 that the matter of *Campbell v. PricewaterhouseCoopers LLP*, No. 2:06-CV-02376-TLN-AC had been certified as a class action ("the Action"), and that you are a member of the certified class, asserting claims against defendant PricewaterhouseCoopers LLP.  The parties have now reached an agreement to settle the litigation, and that Settlement, if approved, will affect your legal rights, and the Court directed that Notice be sent to all members of the class.

## 2.    What is the purpose of this Notice?

This Notice is intended to: (a) inform you that a proposed Settlement has been reached in the Action and has been preliminarily approved by the Court; (b) explain your legal rights under the Settlement Agreement and Release ("Settlement" or "Settlement Agreement and Release"), the benefits that are available to you as a Class Member, and how to get them; and (c) provide information relating to the Court's consideration of final approval of the proposed Settlement.  The Settlement Agreement and Release will be posted on Kershaw, Cutter & Ratinoff LLP's website at http://kcrlegal.com/campbell-vs-pwc-settlement.aspx.

## 3.    What is this Action about?

This case was filed in October 2006.  Plaintiffs Jason Campbell and Sarah Sobek have alleged that PwC misclassified them and the other Class Members as exempt employees and failed to pay them overtime wages and to provide other benefits they alleged were due to non-exempt employees.  Specifically, Plaintiffs allege violations of California's wage and hour laws, including Labor Code §§ 510 and 1994 (overtime), §§ 512 and 226.7 (meal and rest breaks), § 226 (itemized wage statements), and Business & Professions Code §§ 17200, *et seq*. (unfair business practices).  PwC denies any wrongdoing and liability and contends that it complied at all times with the California Labor Code, Fair Labor Standards Act, Industrial Welfare Commission Wage Order No. 4-2001, and California Business and Professions Code, and thus correctly classified Class Members as exempt employees.

## 4.    How do I know if I am part of the Settlement?

You are a Class Member if you were employed by PwC in California and, (a) worked as an Associate in the Attest Division of PwC's Assurance Line of Service at any time during the period October 27, 2002 to July 23, 2008, (b) were not licensed as a certified public accountant by the State of California for some or all of the time you worked in this position during that period, (c) were classified as an exempt employee while working in this position during that period, (d) were sent a class notice on or about July 23, 2008 notifying you that you were a member of the certified class in this Action, and (e) you did not validly and timely exclude yourself from the Action following dissemination of the original class notice in July 2008.   Counsel for the Parties have agreed that you will become a Settlement Class Member unless you validly and timely exclude yourself from the Settlement, using the procedure set forth in paragraphs 12-13 below.

## 5.    What are the reasons for the Settlement?

Both sides agreed to resolve this litigation through a negotiated Settlement instead of through trial by jury, with the losing party having a right to appeal.  The District Court, which ordered this notice to be sent to Class Members, did not decide the case in favor of either Plaintiffs or Defendant, PwC.  Instead, both sides agreed to

2

settlement terms that they believe constitute a fair, reasonable, and adequate compromise of their respective positions. The parties reached this Settlement following more than eight years of litigation, including extensive discovery and motion practice in the United States District Court for the Eastern District of California, and proceedings in the Ninth Circuit Court of Appeals. This Settlement was reached only after lengthy negotiations and independent consideration of the risks of litigation and benefits of settlement through a formal Settlement Conference before an experienced United States Magistrate Judge.

Counsel for Plaintiffs have considered the substantial benefits from the Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for PwC. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals, which, even if successful, would not yield any benefits to Class Members for years to come.

## 6.    What does the Settlement provide?

If the proposed Settlement receives final court approval, PwC will pay $5,000,000 (the "Gross Settlement Payment") to settle the Action, including the dismissal of the Action with prejudice and the release by all Settlement Class Members of the Class Released Claims. If approved by the Court, the Settlement will bar any Settlement Class Member who does not timely request exclusion from the Settlement from asserting Class Released Claims, as set forth more fully in the Settlement Agreement and Release. After deducting attorneys' fees and costs, Settlement Administrative Costs and an additional award to the Class Representatives for initiating and bearing the burdens of this Action for the last eight years, all of which are subject to Court approval as described below, the remainder of the Gross Settlement Payment will be available for distribution to Settlement Class Members in the manner described in the Settlement Agreement and Release.

The Settlement also provides that (1) sixty percent (60%) of the payment to the Settlement Class Member will be treated as wages subject to W-2 reporting and forty percent (40%) will be treated as interest and reported on an IRS Form 1099; (2) PwC has agreed to separately pay the employer's share of all applicable payroll taxes; (3) any interest earned on the Gross Settlement Payment from Defendant's payment of the Gross Settlement Payment to the Settlement Administrator through the Court's final approval of the Settlement by entry of the Final Approval Order and Judgment of Dismissal will be distributed on a pro rata basis to those Class Members who participate in the Settlement; (4) the Administrative Costs of the Settlement will be split equally between the Parties; (5) Plaintiffs' share of Administrative Costs will be deducted from the Gross Settlement Payment; (6) any funds allocated to individuals who choose not to participate in the Settlement will be distributed to Class Members who participate in the Settlement to the extent such funds remain after payment of Defendant's share of Administrative Costs; and (7) any unclaimed funds for Settlement Class Members who cannot be located or who do not timely cash their checks will be held by the Settlement Administrator and available to be claimed for 365 days from the initial payment date; but any funds remaining with the Settlement Administrator after 365 days will be paid to the accounting program at California State University, Sacramento.

The complete terms of the Settlement Agreement and Release are available by sending a self-addressed, stamped envelope to Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102, by accessing the public docket for the Court via Pacer.gov and through Kershaw, Cutter & Ratinoff LLP's website at http://kcrlegal.com/campbell-vs-pwc-settlement.aspx.

## 7.   How were individual Class Member payments determined?

A distribution plan, which is intended to fairly and equitably allocate to each Settlement Class Member his or her *pro rata* share of the Gross Settlement Payment has been proposed to and preliminarily approved by the Court. In short, each Settlement Class Member's share will be based on two criteria: (1) the number of hours in excess of 8 hours per workday worked by each Settlement Class Member during the Class Period (from October 27, 2002 through December 31, 2014) and while meeting the requirements of class membership, and (2) the number of weeks in which he or she was employed by Defendant, excluding leaves of absence, during the Class Period (from October 27, 2002 through December 31, 2014) and while meeting the requirements of class membership. If based on these criteria your share of the Settlement is calculated to be less than $100, you will receive a minimum payment of $100 derived from any attorneys' fees awarded by the Court.

Your Hours Over Standard and Work Weeks used to determine this amount are [hours] Hours and [workweeks] Work Weeks.

If the Settlement is approved, the amount of your approximate payment will be [$amount]. The payment amount is an approximate because it relies on certain assumptions, which if not accurate, would alter the award, as set forth more fully in the Settlement Agreement and Release.

## 8.   Do I have a lawyer in the Action?

The Court has appointed the following Class Counsel: William A. Kershaw, Lyle W. Cook and Stuart C. Talley of Kershaw Cutter & Ratinoff LLP, 401 Watt Avenue, Sacramento, CA 95864. Other attorneys have also appeared in this matter on behalf of the Class over the course of the past eight years. Those firms and attorneys are identified in the Settlement Agreement and Release.

## 9.   How will Class Counsel and the Class Representatives be paid?

From before the inception of this litigation on October 27, 2006 to the present, Class Counsel have undertaken representation of the Class on a contingent basis without any compensation or guarantee of future compensation and, to date, have not received any payment for their services in prosecuting this case. They will have worked in excess of 11,500 hours by the end of the case and have not been reimbursed for any out-of-pocket expenses over the eight years they have prosecuted the case. If the Court approves the proposed Settlement, Class Counsel will ask the Court for an award of attorneys' fees of 40% of the Gross Settlement Payment in the amount of $2,000,000. Class Counsel will also request reimbursement of their costs and expenses in an amount not to exceed $925,000. Class Counsel will also seek a Class Representative Service Award for the Named Plaintiffs, Jason Campbell and Sarah Sobek, in the amount of $15,000 each. This is to compensate them for initiating this action, undertaking the risks, and for the work they performed in representing the Class over the past eight years.

PwC opposes the Class Representative Service Awards to Mr. Campbell and Ms. Sobek as unreasonable. PwC does not oppose Class Counsel's requested attorneys' fees and costs. The requested service awards, attorneys' fees and costs and Settlement Administrative Costs will be reviewed by the Court and awarded in amounts the Court concludes are appropriate. Class Counsel's request for attorneys' fees will be filed on February 25, 2015.

4

## 10.     What happens if I do nothing after receiving this Notice?

If you do nothing and the Court approves the Settlement, you will be eligible to receive your *pro rata* share of the Settlement, calculated in the manner set forth in the Settlement Agreement and Release, which will result in an approximate payment to you of [$amount].  You will also be bound by the terms of the Settlement and will be unable to individually pursue claims against PwC arising from your classification as an exempt employee at PwC as an Attest Associate at any time from October 27, 2002 through the Final Approval of this Settlement based on the same Attest Associate work.

## 11.     What if I do not like the proposed Settlement?

You have two options if you disapprove of the proposed Settlement.  You may exclude yourself from the Settlement (*see* paragraphs 12-13 below) or you may object to the Settlement (*see* paragraph 14 below) according to the instructions contained in this Notice.  You may not do both.

## 12.     What does it mean to request exclusion from the Settlement Class?

Persons who exclude themselves from the Settlement Class will not receive any benefits and will not be bound by the terms of the Settlement, and their claims will not be released.  Unless you exclude yourself from the Settlement (also known as "opting out"), you will be a member of the Settlement Class and will be bound by the Settlement.  As set forth in paragraph 10 above, being "bound by the Settlement" means that you will be precluded from bringing, or participating as a claimant in a similar lawsuit, based on claims arising from your same work as an Attest Associate.

There are 1,944 members of the Class.  If 150 or more of the Class Members choose to exclude themselves from the Settlement, PwC has the option to withdraw from the Settlement, and if it exercises that option, then the proposed Settlement would not be submitted to the Court for Final Approval, no payments would be made, and no claims released pursuant to the terms of the Settlement Agreement and Release.

## 13.     How do I request exclusion?

You may exclude yourself from the Settlement provided that your request is made in writing and postmarked before March 16, 2015.  To exclude yourself, send a letter that includes (a) the name of the case, (b) your name, current address and telephone number, (c) your signature, and (d) the following statement "I request to be excluded from the class action proceedings taking place in the matter of *Campbell et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:06-CV-02376-TLN-AC," or something similar.  Your written request to exclude yourself from the Settlement must be sent to: Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.

You will only be excluded from the Settlement if your request is ***postmarked*** on or before March 16, 2015, and includes the required information.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall become Settlement Class Members, be bound by all terms of the Settlement Agreement and Release and the Final Approval Order and Judgment of Dismissal, regardless of whether they have requested exclusion from the Settlement.

Class Member ID: [refid]

You cannot exclude yourself from the Settlement Class if you wish to object to the Settlement and/or appear and be heard before the Court during the Final Approval Hearing (*see* paragraph 14 below). This is because you need to be a Settlement Class Member affected by the Settlement to object or appear.

In determining whether you want to exclude yourself from the Settlement, you are advised to contact Class Counsel or consult your own attorney, as there may be issues particular to your circumstances that require consideration.

## 14.   How do I object to the Settlement?

If you are a Settlement Class Member, you can object to the Settlement. To object, you must send a letter to the Court and: (a) set forth your full name, current address and telephone number; (b) state that you are participating in the Settlement as a Settlement Class Member, and that you have not requested exclusion from the Settlement; (c) set forth a complete statement of all legal and factual reasons for any objection that you wish to assert; and (d) provide copies of any documents that you wish to use before the Court. In addition, you must indicate whether or not you intend to appear at the Final Approval Hearing, either with or without separate counsel. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing and copies of any written objections or briefs shall have been filed with the Court and served on counsel for the Parties as set forth below.

If you intend to object, you must file your objection on or before March 16, 2015 with the Clerk of the Court for the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, CA 95814. Before March 16, 2015, you must *also* send your objection to *all three* of the following: (1) Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102; (2) Class Counsel—William A. Kershaw, Kershaw, Cutter & Ratinoff LLP, 401 Watt Avenue, Sacramento, CA 95864; and (3) Defense Counsel—Daniel J. Thomasch, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166-0193.

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid.

## 15.   When and where will the Court determine whether to approve the proposed Settlement?

The Court has scheduled a Final Approval Hearing at 1:30 p.m. on May 7, 2015, at the U.S. District Court for the Eastern District of California, 501 I Street, Courtroom 2, 15th Floor, Sacramento, CA 95814. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for service awards on behalf of the Class Representatives, and Class Counsel's request for attorneys' fees and expenses. The Court will also consider objections and may grant permission for objectors to speak. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

## 16.   Do I have to come to the hearing?

No.  You are not required to come to the hearing, but you are welcome to come at your own expense if you so desire.

Settlement Class Members who object to the proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered.  If you wish to appear either personally or through your own attorney at the settlement hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court at the address set forth in paragraph 14 above, and serve copies on the Settlement Administrator, Class Counsel, and counsel for PwC at the addresses set forth in paragraph 14 above no later than March 16, 2015.

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present at the hearing.  Any Settlement Class Member who does not file and serve a notice of intention to appear in accordance with these instructions will be barred from speaking at any hearing concerning this proposed Settlement.

## 17.   What if the proposed Settlement is not approved?

If the proposed Settlement is not granted Final Approval, the Action will proceed in the trial court without further notice, and none of the agreements set forth in this Notice will be valid or enforceable, and no payments will be made nor claims released.

## 18.   How do I get more information about the proposed Settlement?

This Notice only summarizes the proposed Settlement.  The official terms of the proposed Settlement are available by visiting the website of Kershaw, Cutter & Ratinoff LLP at http://kcrlegal.com/campbell-vs-pwc-settlement.aspx, visiting the public files for the United States District Court for the Eastern District of California or by sending a self-addressed, stamped envelope to Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.

If you have any questions, please write to Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.  You can also call the Settlement Administrator at 1-844-274-4785.  Do not contact the Court regarding this Settlement.


Dated: February 13, 2015                    BY ORDER OF THE COURT


                                            Judge Troy L. Nunley
                                            United States District Court
                                            for the Eastern District of California

Campbell v. PwC
c/o Heffler Claims Group
1515 Market Street, Suite 1700
Philadelphia, PA 19102

# EXHIBIT B

*Campbell et al. v. PricewaterhouseCoopers LLP,*
UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF CALIFORNIA
Case No. 2:06-CV-02376-TLN-AC

**and**

*Le/Kress et al. v. PricewaterhouseCoopers LLP,*
UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF CALIFORNIA
Case No. 2:08-CV-00965-TLN-AC

## Notice to Overlapping Class Members of Proposed Settlement of Class Action

**To:**   All persons employed by PricewaterhouseCoopers LLP ("PwC") in California (a) who, at any time during the period October 27, 2002 to July 23, 2008 worked as Associates in the Attest Division of PwC's Assurance Line of Service, (b) who were not licensed as certified public accountants by the State of California for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent a class notice on or about July 23, 2008 notifying them that they are members of the certified class in *Campbell v. PricewaterhouseCoopers LLP* (the "*Campbell* Action"), (e) who did not validly or timely exclude themselves from the *Campbell* action following dissemination of the July 2008 class notice, and (f) who opted into the nationwide Attest Associate class brought under the Fair Labor Standards Act in *Le/Kress v. PricewaterhouseCoopers LLP* ("the *Le/Kress* Action"), which was conditionally certified on or about November 25, 2009.

Your rights in the *Campbell* and *Le/Kress* Actions may be affected by the proposed Settlement discussed in this court-authorized Notice. This Notice is to inform you of the proposed Settlement of the *Campbell* Action, including: the nature of the claims at issue, your right to participate in or exclude yourself from the *Campbell* Settlement, and the effect of exercising your various options in the *Campbell* Action on your claims in the *Le/Kress* Action. You shall be referred to herein as a *Campbell-Le/Kress* Overlap Plaintiff. You are not being sued.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | By doing nothing, you will participate in the *Campbell* Settlement, and, if the Settlement receives Final Approval from the Court, you will receive a payment in the approximate amount of [$amount] and be bound by the terms of the Settlement Agreement and Release (*see* paragraph 14 below) (thus resolving your overlapping claims in both the *Campbell* and *Le/Kress* Actions). |
| **EXCLUDE YOURSELF** | If you do not want to participate in the *Campbell* Settlement, you must write to the Settlement Administrator according to the instructions contained in this Notice; by so doing you will not be provided with a payment or be bound by the Settlement (*see* paragraphs 16-17 below). |
| **OBJECT** | You may file an objection with the Court and serve it on all Parties according to the instructions contained in this Notice if you are not satisfied with the *Campbell* Settlement, but you cannot do so if you exclude yourself from the Settlement (*see* paragraph 18 below). |
| **GO TO A HEARING** | If you object, you may also write and seek permission to speak in Court about the fairness of the *Campbell* Settlement according to the instructions contained in this Notice (*see* paragraphs 19-20 below). |

Your legal rights and options—and the deadlines to exercise them—are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully.

**If you have any questions, contact Heffler Claims Group toll free at 1-844-274-4785.**

## 1.    Why did I receive this Notice?

You were previously notified on or about July 23, 2008 that the matter of *Campbell v. PricewaterhouseCoopers LLP*, No. 2:06-CV-02376-TLN-AC had been certified as a class action, and that you are a member of the certified class, asserting claims against defendant PricewaterhouseCoopers LLP.  In 2010, you opted into the conditionally-certified nationwide class of Attest Associates in *Le/Kress*. The parties have now reached an agreement to settle the *Campbell* litigation, and that Settlement, if approved, will affect your legal rights in both *Campbell* and *Le/Kress*, and the Court directed that this Notice be sent to all *Campbell-Le/Kress* Overlap Plaintiffs.

## 2.    What is the purpose of this Notice?

This Notice is intended to: (a) inform you that a proposed Settlement has been reached in the *Campbell* action and has been preliminarily approved by the Court; (b) explain your legal rights under the *Campbell* Settlement Agreement and Release ("Settlement" or "Settlement Agreement and Release"), the benefits that are available to you as a *Campbell* Class Member, and how to get them; and (c) provide information relating to the Court's consideration of final approval of the proposed Settlement.  The *Campbell* Settlement Agreement and Release will be posted on Kershaw, Cutter & Ratinoff LLP's website at http://kcrlegal.com/campbell-vs-pwc-settlement.aspx.

## 3.    What is the *Campbell* Action about?

The *Campbell* case was filed in October 2006.  Plaintiffs Jason Campbell and Sarah Sobek have alleged that PwC misclassified them and the other Class Members as exempt employees and failed to pay them overtime wages and to provide other benefits they alleged were due to non-exempt employees.  Specifically, Plaintiffs allege violations of California's wage and hour laws, including Labor Code §§ 510 and 1994 (overtime), §§ 512 and 226.7 (meal and rest breaks), § 226 (itemized wage statements), and Business & Professions Code §§ 17200, *et seq.* (unfair business practices).  PwC denies any wrongdoing and liability and contends that it complied at all times with the California Labor Code, Industrial Welfare Commission Wage Order No. 4-2001, and California Business and Professions Code, and thus correctly classified Class Members as exempt employees.

## 4.    What is the *Le/Kress* Action about?

The *Le/Kress* Action was filed in October 2007.  The *Le/Kress* Action includes a number of different certified and putative classes, including a conditionally-certified class of Attest Associates who assert overtime and related claims under the Fair Labor Standards Act, a federal statute.  You are a member of that conditionally-certified class in the *Le/Kress* Action, making you a *Campbell-Le/Kress* Overlap Plaintiff.  While the Attest Associate claims asserted in the *Le/Kress* Action are brought under federal law, and the Attest Associate claims in *Campbell* are brought under state law, there are overlaps in the underlying factual circumstances upon which those state and federal claims are premised.  Specifically, *Campbell-Le/Kress* Overlap Plaintiffs have claims for the same work in the same position and during the same time period in both cases, which claims are referred to herein as overlapping claims.  PwC denies any wrongdoing and liability in the *Le/Kress* Action, and contends that it correctly classified the *Campbell-Le/Kress* Overlap Plaintiffs as exempt employees under the Fair Labor Standards Act.

## 5.    Which Action is being settled?

The *Campbell* Action is being settled.  However, as set forth in Paragraph 9 below, to the extent that *Campbell-Le/Kress* Overlap Plaintiffs have claims in the *Le/Kress* Action that cover the same work in the same position over the same time period as the claims being settled in the *Campbell* Action, those *Campbell-Le/Kress* Overlap Plaintiffs who participate in the *Campbell* Settlement will release PwC from their overlapping claims asserted in the *Le/Kress* Action. Thus, Plaintiffs who participate in the *Campbell* Settlement will not be permitted to further pursue such overlapping claims in the *Le/Kress* Action nor will they be eligible to participate in any settlement or verdict regarding such overlapping claims.

## 6. How do I know if I am part of the *Campbell* Settlement?

You are a *Campbell* Class Member if you were employed by PwC in California and (a) worked as an Associate in the Attest Division of PwC's Assurance Line of Service at any time during the period October 27, 2002 to July 23, 2008, (b) were not licensed as a certified public accountant by the State of California for some or all of the time you worked in this position during that period, (c) were classified as an exempt employee while working in this position during that period, (d) were sent a class notice on or about July 23, 2008 notifying you that you were a member of the certified class in the *Campbell* Action, and (e) you did not validly and timely exclude yourself from the *Campbell* Action following dissemination of the original class notice in July 2008. Counsel for the Parties in *Campbell* have agreed that you will become a *Campbell* Settlement Class Member unless you validly and timely exclude yourself from the *Campbell* Settlement, using the procedure set forth below in paragraphs 16-17.

## 7. What are the reasons for the *Campbell* Settlement?

Both sides agreed to resolve the *Campbell* litigation through a negotiated Settlement instead of through trial by jury, with the losing party having a right to appeal. The District Court, which ordered this notice to be sent to *Campbell* Class Members, did not decide the case in favor of either Plaintiffs or Defendant, PwC. Instead, both sides agreed to settlement terms that they believe constitute a fair, reasonable, and adequate compromise of their respective positions. The parties reached this Settlement following more than eight years of litigation, including extensive discovery and motion practice in the United States District Court for the Eastern District of California, and proceedings in the Ninth Circuit Court of Appeals. This Settlement was reached only after lengthy negotiations and independent consideration of the risks of litigation and benefits of settlement through a formal Settlement Conference before an experienced United States Magistrate Judge.

Counsel for Plaintiffs in the *Campbell* Action have considered the substantial benefits from the Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for PwC. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals, which, even if successful, would not yield any benefits to *Campbell* Class Members for years to come. Counsel for Plaintiff in the *Le/Kress* Action did not participate in the *Campbell* Settlement negotiations and have not endorsed the *Campbell* Settlement.

## 8. What does the *Campbell* Settlement provide?

If the proposed Settlement receives final court approval, PwC will pay $5,000,000 (the "Gross Settlement Payment") to settle the *Campbell* Action, including the dismissal of the *Campbell* Action with prejudice and the release by all Settlement Class Members of the Class Released Claims. If approved by the Court, the *Campbell* Settlement will bar any Settlement Class Member who does not timely request exclusion from the Settlement from asserting Class Released Claims, as set forth more fully in the Settlement Agreement and Release. After deducting attorneys' fees and costs, Settlement Administrative Costs and an additional award to the Class Representatives for initiating and bearing the burdens of this Action for the last eight years, all of which are subject to Court approval as described below, the remainder of the Gross Settlement Payment will be available for distribution to Settlement Class Members in the manner described in the Settlement Agreement and Release.

The Settlement also provides that (1) sixty percent (60%) of the payment to the Settlement Class Member will be treated as wages subject to W-2 reporting and forty percent (40%) will be treated as interest and reported on an IRS Form 1099; (2) PwC has agreed to separately pay the employer's share of all applicable payroll taxes; (3) any interest earned on the Gross Settlement Payment from Defendant's payment of the Gross Settlement Payment to the Settlement Administrator through the Court's final approval of the Settlement by entry of the Final Approval Order and Judgment of Dismissal will be distributed on a *pro rata* basis to those Class Members who participate in the Settlement; (4) the Administrative Costs of the Settlement will be split equally between the Parties; (5) Plaintiffs' share of Administrative Costs will be deducted from the Gross Settlement Payment; (6) any funds allocated to individuals who choose not to participate in the Settlement will be distributed to Class Members who participate in the Settlement to the extent such funds remain after payment of Defendant's share of Administrative Costs; and (7)

any unclaimed funds for Settlement Class Members who cannot be located or who do not timely cash their checks will be held by the Settlement Administrator and available to be claimed for 365 days from the initial payment date; but any funds remaining with the Settlement Administrator after 365 days will be paid to the accounting program at California State University, Sacramento.

The complete terms of the *Campbell* Settlement Agreement and Release are available by sending a self-addressed, stamped envelope to Campbell v. PwC, c/o Heffler Claims Group 1515 Market Street, Suite 1700, Philadelphia, PA 19102, by accessing the public docket for the Court via Pacer.gov and through Kershaw, Cutter & Ratinoff LLP's website at http://kcrlegal.com/campbell-vs-pwc-settlement.aspx.

## 9.   How and why does the *Campbell* Settlement affect my rights in *Le/Kress*?

Both the *Campbell* and *Le/Kress* cases involve current and former PwC employees who assert that PwC violated the overtime laws by improperly classifying its unlicensed Attest Associates as exempt employees and failing to pay them overtime. The *Campbell* misclassification claims are brought under state law, *i.e.,* the California Labor Code, and the *Le/Kress* claims are brought under federal law, *i.e.,* the Fair Labor Standards Act. PwC contends that its classification of you and any other Attest Associate as an exempt employee was and continues to be a correct classification under both the California Labor Code and the Fair Labor Standards Act.

As a *Campbell* Class Member and a member of the conditionally-certified Attest Associate class in *Le/Kress*, you are asserting claims for overtime compensation that arise out of the same work you performed as an unlicensed Attest Associate during the same time period. If both cases went to trial and Plaintiffs were entirely successful in both cases, you could not recover overtime damages for the same work in both cases. Similarly, pursuant to the *Campbell* Settlement Agreement, you can only receive a Settlement payment in *Campbell* by giving up your rights to recover for claims based on the same Attest Associate work in *Le/Kress*. Thus, if you participate in the *Campbell* Settlement, you will be releasing your overlapping claims for overtime compensation under both state and federal law, in *Campbell* AND *Le/Kress,* arising from your classification as an exempt employee while working at PwC as an Attest Associate in California. You will not release claims arising from any work at PwC in the position of Attest Senior Associate. If you exclude yourself from the *Campbell* Settlement consistent with the requirements of Paragraph 17 below, you will not receive any benefits from the *Campbell* Settlement, will not be bound by the terms of the Settlement, and you will not be releasing any *Campbell* or *Le/Kress* claims.

## 10.   How were individual *Campbell* Class Member payments determined?

A distribution plan, which is intended to fairly and equitably allocate to each *Campbell* Settlement Class Member his or her *pro rata* share of the Gross Settlement Payment has been proposed to and preliminarily approved by the Court. In short, each Settlement Class Member's share will be based on two criteria: (1) the number of hours in excess of 8 hours per workday worked by each Settlement Class Member during the Class Period (from October 27, 2002 through December 31, 2014) and while meeting the requirements of class membership, and (2) the number of weeks in which he or she was employed by Defendant, excluding leaves of absence, during the Class Period (from October 27, 2002 through December 31, 2014) and while meeting the requirements of class membership. If based on these criteria your share of the Settlement is calculated to be less than $100, you will receive a minimum payment of $100 derived from any attorneys' fees awarded by the Court.

Your Hours Over Standard and Work Weeks used to determine this amount, are [hours] Hours and [workweeks] Work Weeks.

If the *Campbell* Settlement is approved, the amount of your approximate payment will be [$amount]. The payment amount is an approximate because it relies on certain assumptions, which if not accurate, would alter the award, as set forth more fully in the Settlement Agreement and Release.

## 11.   Do I have a lawyer in the *Campbell* Action?

The Court has appointed the following Class Counsel: William A. Kershaw, Lyle W. Cook and Stuart C. Talley of Kershaw Cutter & Ratinoff LLP, 401 Watt Avenue, Sacramento, CA 95864 in the *Campbell* Action. Other attorneys

have also appeared in this matter on behalf of the Class over the course of the past eight years. Those firms are identified in the Settlement Agreement and Release.

## 12.    Do I have a lawyer in the *Le/Kress* Action?

You are represented in the *Le/Kress* Action by a number of attorneys, including William A. Baird at Marlin & Saltzman, LLP, 29229 Canwood Street, Suite 208, Agoura Hills, CA 91301 and Steve Elster, Esq. at Law Offices of Steven Elster, 785/E2 Oakgrove Road, # 201, Concord, CA 94518. Neither Mr. Baird nor Mr. Elster nor any other attorney representing Plaintiffs in the *Le/Kress* Action is counsel of record in the *Campbell* Action and no attorney representing Plaintiffs in the *Le/Kress* Action participated in the *Campbell* Settlement negotiations.

## 13.    How will *Campbell* Class Counsel and the *Campbell* Class Representatives be paid?

From before the inception of the *Campbell* litigation on October 27, 2006 to the present, Class Counsel have undertaken representation of the Class on a contingent basis without any compensation or guarantee of future compensation and, to date, have not received any payment for their services in prosecuting this case. They will have worked in excess of 11,500 hours by the end of the case and have not been reimbursed for any out-of-pocket expenses over the eight years they have prosecuted the case. If the Court approves the proposed Settlement, Class Counsel will ask the Court for an award of attorneys' fees of 40% of the Gross Settlement Payment in the amount of $2,000,000. Class Counsel will also request reimbursement of their costs and expenses in an amount not to exceed $925,000. Class Counsel will also seek a Class Representative Service Award for the Named Plaintiffs, Jason Campbell and Sarah Sobek, in the amount of $15,000 each. This is to compensate them for initiating the *Campbell* action, undertaking the risks, and for the work they performed in representing the Class over the past eight years.

PwC opposes the Class Representative Service Awards to Mr. Campbell and Ms. Sobek as unreasonable. PwC does not oppose Class Counsel's requested attorneys' fees and costs. The requested service awards, attorneys' fees and costs and Settlement Administrative Costs will be reviewed by the Court and awarded in amounts the Court concludes are appropriate. Class Counsel's request for attorneys' fees will be filed on February 25, 2015.

## 14.    What happens if I do nothing after receiving this Notice?

If you do nothing and the Court approves the Settlement, you will be eligible to receive your *pro rata* share of the *Campbell* Settlement, calculated in the manner set forth in the Settlement Agreement and Release, which will result in an approximate payment to you of [$amount]. You will also be bound by the terms of the Settlement and will be unable to individually pursue claims against PwC in the *Campbell* Action and/or in the *Le/Kress* Action (or any other case) arising from your classification as an exempt employee at PwC as an Attest Associate at any time from October 27, 2002 through the Final Approval of this Settlement based on the same Attest Associate work.

## 15.    What if I do not like the proposed *Campbell* Settlement?

You have two options if you disapprove of the proposed Settlement. You may exclude yourself from the Settlement (*see* paragraphs 16-17 below) or you may object to the Settlement (*see* paragraph 18 below) according to the instructions contained in this Notice. You may not do both.

## 16.    What does it mean to request exclusion from the *Campbell* Settlement Class?

Persons who exclude themselves from the *Campbell* Settlement Class will not receive any benefits and will not be bound by the terms of the *Campbell* Settlement, and their claims will not be released. Unless you exclude yourself from the Settlement (also known as "opting out"), you will be a member of the Settlement Class and will be bound by the Settlement. As set forth in paragraph 14 above, being "bound by the Settlement" means that you will be precluded from bringing, or participating as a claimant in a similar lawsuit, based on claims arising from your same work as an Attest Associate.

There are 1,944 members of the *Campbell* Class. If 150 or more of the Class Members choose to exclude themselves from the Settlement, PwC has the option to withdraw from the Settlement, and if it exercises that option, then the proposed Settlement would not be submitted to the Court for Final Approval, no payments would be made, and no claims released pursuant to the terms of the Settlement Agreement and Release.

## 17.    How do I request exclusion from the *Campbell* Settlement?

You may exclude yourself from the Settlement provided that your request is made in writing and postmarked before March 16, 2015. To exclude yourself, send a letter that includes (a) the name of the case, (b) your name, current address and telephone number, (c) your signature, and (d) the following statement "I request to be excluded from the class action proceedings taking place in the matter of *Campbell et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:06-CV-02376-TLN-AC," or something similar. Your written request to exclude yourself from the Settlement must be sent to: Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.

You will only be excluded from the *Campbell* Settlement if your request is *postmarked* on or before March 16, 2015, and includes the required information. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall become Settlement Class Members, be bound by all terms of the Settlement Agreement and Release and the Final Approval Order and Judgment of Dismissal, regardless of whether they have requested exclusion from the Settlement.

You cannot exclude yourself from the Settlement Class if you wish to object to the Settlement and/or appear and be heard before the Court during the Final Approval Hearing (*see* paragraphs 18-20 below). This is because you need to be a Settlement Class Member affected by the Settlement to object or appear.

In determining whether you want to exclude yourself from the Settlement, you are advised to contact *Campbell* Class Counsel, *Le/Kress* counsel or consult your own attorney, as there may be issues particular to your circumstances that require consideration.

## 18.    How do I object to the *Campbell* Settlement?

If you are a *Campbell* Settlement Class Member, you can object to the *Campbell* Settlement. To object, you must send a letter to the Court and: (a) set forth your full name, current address and telephone number; (b) state that you are participating in the Settlement as a Settlement Class Member, and that you have not requested exclusion from the Settlement; (c) set forth a complete statement of all legal and factual reasons for any objection that you wish to assert; and (d) provide copies of any documents that you wish to use before the Court. In addition, you must indicate whether or not you intend to appear at the Final Approval Hearing, either with or without separate counsel. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing and copies of any written objections or briefs shall have been filed with the Court and served on counsel for the Parties as set forth below.
If you intend to object, you must file your objection on or before March 16, 2015 with the Clerk of the Court for the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, CA 95814. Before March 16, 2015, you must *also* send your objection to *all three* of the following: **(1)** Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102; **(2)** Class Counsel—William A. Kershaw, Kershaw, Cutter & Ratinoff LLP, 401 Watt Avenue, Sacramento, CA 95864; and **(3)** Defense Counsel—Daniel J. Thomasch, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166-0193.

If your objections do not meet all of the requirements set forth in this paragraph, they will be deemed invalid.

## 19.   When and where will the Court determine whether to approve the proposed *Campbell* Settlement?

The Court has scheduled a Final Approval Hearing at 1:30 p.m. on May 7, 2015, at the U.S. District Court for the Eastern District of California, 501 I Street, Courtroom 2, 15th Floor, Sacramento, CA 95814. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the proposed *Campbell* Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for service awards on behalf of the Class Representatives, and Class Counsel's request for attorneys' fees and expenses. The Court will also consider objections and may grant permission for objectors to speak. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

## 20.   Do I have to come to the hearing?

No. You are not required to come to the hearing, but you are welcome to come at your own expense if you so desire.

*Campbell* Settlement Class Members who object to the proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own attorney at the settlement hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court at the address set forth in paragraph 18 above, and serve copies on the Settlement Administrator, Class Counsel, and counsel for PwC at the addresses set forth in paragraph 18 above no later than March 16, 2015.

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present at the hearing. Any Settlement Class Member who does not file and serve a notice of intention to appear in accordance with these instructions will be barred from speaking at any hearing concerning this proposed Settlement.

## 21.   What if the proposed *Campbell* Settlement is not approved?

If the proposed *Campbell* Settlement is not granted Final Approval, the *Campbell* Action will proceed in the trial court without further notice, and none of the agreements set forth in this Notice will be valid or enforceable, and no payments will be made nor claims released.

## 22.   How do I get more information about the proposed *Campbell* Settlement?

This Notice only summarizes the proposed *Campbell* Settlement. The official terms of the proposed Settlement are available by visiting the website of Kershaw, Cutter & Ratinoff LLP at http://kcrlegal.com/campbell-vs-pwc-settlement.aspx, visiting the public files for the United States District Court for the Eastern District of California or by sending a self-addressed, stamped envelope to Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.

If you have any questions, please write to Campbell v. PwC, c/o Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102. You can also call the Settlement Administrator at 1-844-274-4785. Do not contact the Court regarding this Settlement.

Dated: February 13, 2015                              BY ORDER OF THE COURT

                                                      Judge Troy L. Nunley
                                                      United States District Court
                                                      for the Eastern District of California

**If you have any questions, contact the Heffler Claims Group toll free at 1-844-274-4785.**

Campbell v. PwC
c/o Heffler Claims Group
1515 Market Street, Suite 1700
Philadelphia, PA 19102