UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAMPBELL and SARAH SOBEK, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | CASE NO.  2:06-CV-02376 TLN/AC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; APPROVING AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS; AND JUDGMENT OF DISMISSAL** |

This matter came for hearing on May 7, 2015, upon Plaintiffs' Motion for Final Approval of the Proposed Settlement of this action on the terms set forth in the Settlement Agreement and Release filed January 14, 2014 (ECF No. 643-1) and the Addendum thereto filed February 6, 2015 (ECF No. 649-1). Due and adequate notice having been given to the Settlement Class Members and the Court having considered the Settlement Agreement and Release, all papers and proceedings held herein, and all oral and written comments and objections received regarding the proposed Settlement, and having reviewed the record in this action, *Campbell et al. v. PricewaterhouseCoopers LLP*, Case No. 2:06-CV-02376 TLN/AC, ("the Action"), and good cause appearing, finds that:

WHEREAS, this Action was commenced in the United States District Court, Eastern District of California on October 27, 2006; and

WHEREAS, by Order dated March 25, 2008, the Court provisionally certified the class, which has been defined during the litigation as all persons employed by PricewaterhouseCoopers LLP ("PwC" or "Defendant") in California who, at any time during the period of October 27, 2002 to July 23, 2008, (a) worked as Associates in the Attest Division of PwC's Assurance Line of Service, (b) were not licensed as certified public accountants by the State of California for some or all of the period they worked in this position, and (c) were classified as exempt employees while working in this position; and

WHEREAS, Kershaw Cutter & Ratinoff LLP was previously appointed as Class Counsel for the litigation class and Plaintiffs Jason Campbell and Sarah Sobek were previously appointed as Class Representatives; and

WHEREAS, during the eight years the Action has been pending, the parties have engaged in fact and expert discovery, motion practice, litigation in this Court and in the Ninth Circuit, and were preparing for trial scheduled to commence on March 30, 2015; and

WHEREAS, the Parties have engaged in Court-ordered mediation before Magistrate Judge Kendall J. Newman, which process resulted in the Settlement Agreement and Release; and

WHEREAS, a resolution to this Action was reached following a mediator's proposal by Magistrate Judge Newman; and

WHEREAS, Plaintiffs believe that this case is meritorious and that class certification was and continues to be appropriate; and

WHEREAS, Defendant denies any liability and wrongdoing of any kind associated with the claims alleged in this Action, and continues to deny that this Action is appropriate for class treatment for any purpose other than this Settlement; and

WHEREAS, Defendant contends, among other things, that it has complied at all times with the California Labor Code, Fair Labor Standards Act, Industrial Welfare Commission Wage Order No. 4-2001, and the California Business and Professions Code §§ 17200, *et seq*. and specifically contends that classification of any Attest Associate as an exempt employee was and continues to be a correct classification under the California Labor Code and the Fair Labor Standards Act; and

WHEREAS, PwC is not reclassifying its Attest Associates as non-exempt as a condition of this

Settlement Agreement and Release, or otherwise; and

WHEREAS, Class Counsel has conducted a thorough investigation into the facts of this Action, is knowledgeable about and has done extensive research with respect to the applicable law and the defenses asserted by Defendant to the claims of the Class and has diligently litigated the Class Members' claims against Defendant, and therefore Class Counsel has an appropriate basis to evaluate the value of this Settlement; and

WHEREAS, based on the foregoing data, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement and Release is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with litigation, the defenses asserted by Defendant, the governing law and numerous potential appellate issues; and

WHEREAS, the Parties desire to compromise and fully settle their claims with finality and agree to the Settlement of this Action, and entered into the Settlement Agreement and Release on January 14, 2015, setting forth the terms of the Settlement in this Action; and

WHEREAS, the Court granted Preliminary Approval of the Parties' Settlement Agreement and Release in this Action on January 30, 2015 ("Preliminary Approval Order"); and

WHEREAS, notice to the Class Members was sent in accordance with the Settlement Agreement and Release and Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed Settlement having been duly held and a decision reached,

NOW, therefore, the Court grants Final Approval of the Settlement and dismisses this Action with prejudice, and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. To the extent defined in the Settlement Agreement and Release and Addendum to Settlement Agreement and Release (ECF Nos. 643-1 and 649-1), the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this Action, the Named Plaintiffs, the Class, and PwC.

3. The Court hereby grants the Motion for Final Approval of the Settlement and approves the Settlement Agreement and Release as fair, reasonable, in the best interest of the Settlement Class Members, and adequate in all respects to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the Parties to consummate the Settlement in accordance with the terms of the Settlement Agreement and Release.

4. As previously found in the Court's Preliminary Approval Order, the Class, for Settlement purposes only, satisfies the requirements for a Rule 23 settlement class, and is defined as follows:

> All individuals employed by Defendant in California: (a) who worked as an Associate in the Attest Division of Defendant's Assurance Line of Service at any time during the period October 27, 2002 to July 23, 2008; (b) who were not licensed as certified public accountants by the State of California for some or all of the time they worked in this position during that period; (c) who were classified as exempt employees while working in this position during that period; (d) who were sent a class notice on or about July 23, 2008 notifying them that they are members of the certified class in this Action; and (e) who did not validly or timely exclude themselves from the Action following dissemination of the July 2008 class notice.

5. In full compliance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, on February 13, 2015, the Settlement Administrator mailed a Notice Packet by first-class mail to 1,944 Class Members at the last known address as reflected in Defendant's business records. Further, one additional Class Member was subsequently identified, and a Notice Packet was sent by first class mail to his address on February 25, 2015.

6. The Court has determined that the Notice Packet given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed Settlement—including the plan of distribution of the Gross Settlement Payment, the application for a Fee Award, the application for an Expense Award, the application for the Class Representative Service Award, the procedure to exclude themselves from the Settlement and become Opt Outs or to file an objection to the Settlement, and the scope of the Class Released Claims—constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable laws. The Settlement Administrator has filed with the Court a list identifying the 22 Class Members who timely and properly excluded themselves from the Settlement.

7. In full compliance with the requirements of 28 U.S.C. § 1715(b), PwC provided notice of the Settlement to (a) the Attorney General of the United States of America and (b) to the appropriate state official (as that term is defined in 28 U.S.C. § 1715(a)(2)) of every state in which a Class Member resides. As further required under 28 U.S.C. § 1715(d), more than 90 days have elapsed since the service of such notices. Neither the Attorney General of the United States nor any appropriate state official has served written objection to the Settlement or appeared at the hearing to object to the Settlement.

8. The plan of distribution as set forth in the Settlement Agreement and Release providing for the distribution of the Gross Settlement Payment to Settlement Class Members is approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. The Court approves the payment of the Fee Award and the Expense Award in the amount of $2,000,0000 to Class Counsel in attorneys' fees and the amount of $910,822.83 for Class Counsel's actual out-of-pocket expenses, which shall be paid from, and not in addition to, the Gross Settlement Payment.

10. The Court approves a Class Representative Service Award of $10,000 to each of the Class Representatives, Jason Campbell and Sarah Sobek, which shall be paid from, and not in addition to, the Gross Settlement Payment.

11. The Court approves the payment of reasonable Administrative Costs to the Settlement Administrator Heffler Claims Group in an amount not to exceed $40,000. Plaintiffs' share of the Administrative Costs shall be paid from, and not in addition to, the Gross Settlement Payment. Defendant's share of the Administrative Costs shall be paid for by Defendant in addition to the Gross Settlement Payment <u>only</u> to the extent that Opt Out Funds do not cover such costs. "Opt Out Funds" means that portion of the Net Settlement Proceeds that would have been allocated to Opt Outs if they had remained in the Action and participated in the Settlement.

12. The Court hereby dismisses this Action with prejudice and without prevailing party costs.

13. Upon entry of this Final Approval Order and Judgment of Dismissal, and by operation of this Final Approval Order and Judgment of Dismissal, the Class Released Claims of each Settlement

Class Member against Defendant and against any and all of the Released Parties as defined in the Settlement Agreement and Release, are fully, finally and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement and Release. The "Class Released Claims" mean all claims, whether under state or federal law, and whether asserted in this or any action (including *Le/Kress et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:08-cv-00965-TLN-AC) or unasserted, arising from classification of any Class Member (including *Le/Kress* Opt-In FLSA Attest Associate Plaintiffs) as exempt from overtime while working at PwC as an Attest Associate in California at any time from October 27, 2002 through the date of Final Approval, including, but not limited to, claims (both legal and equitable) arising under the California Labor Code, the California Business and Professions Code and the Fair Labor Standards Act. The Class Released Claims cover work performed at any time from and after October 27, 2002 only to the extent the Class Members continued to meet the requirements of class membership.

14. Due and adequate notice of the proceedings having been provided to the Settlement Class Members, and a full opportunity having been offered to them to participate in this hearing, it is hereby determined that they are bound by this Final Approval Order and Judgment of Dismissal entered herein, including without limitation, the Class Released Claims.

15. The Final Approval Order and Judgment of Dismissal and the Settlement Agreement and Release, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

16. Without further order of the Court, the parties may jointly agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement and Release.

17. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement and Release, then this Final Approval Order and Judgment of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and Release and shall be vacated, and in such event all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement and Release.

18. The Court finds that there is no just reason for delay of entry of this Final Approval Order and Judgment of Dismissal and hereby directs its entry.

19. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class and Defendant for purposes of supervising the consummation, administration, implementation, enforcement and interpretation of the Settlement Agreement and Release and all other matters covered in this Order.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: May 8, 2015

_____
Troy L. Nunley
United States District Judge